CONRAN, Respondent, v. SELLEW *et al.*, Appellants.

1. The issues of fact in an action brought to obtain the surrender and cancellation of a promissory note must be tried by the court, unless the court takes the opinion of a jury upon some specific question of fact involved therein, by an issue made up for that purpose. (R. C. 1855, p. 1261, § 13.)
2. Where the trial must be by the court, instructions or declarations of law in the form of instructions are not required, and if given will not be reviewed or noticed by the supreme court.

*Appeal from St. Louis Court of Common Pleas.*

Plaintiff alleges in his petition that on the 28th of October, 1854, he executed his promissory note to C. E. Labeaume for $416.25, payable sixty days after date; that this note was endorsed by said Labeaume and by A. & A. Wood & Co.; that said note while the property of A. & A. Wood & Co. was by said firm deposited with Sellew & Co. as collateral security for a sum of money borrowed by said A. & A. Wood & Co. of Sellew & Co.; that afterwards the money for which the note was deposited as a security was fully paid and A. & A. Wood & Co. became entitled to the return of said note, and said Sellew agreed to return the same, but failed to do so; that while the note was thus in the possession of said Sellew, plaintiff paid the full amount thereof to A. & A. Wood & Co., and said firm gave to the plaintiff an order in writing on Sellew & Co. requesting the delivery of said note to plaintiff; that this order was presented to Sellew coupled with a demand for said note; that Sellew refused to deliver up said note, &c. Plaintiff prayed that defendants

might be required by decree of court to surrender up said note to plaintiff to the end that the same might be cancelled, and also prayed damages for its detention.

The cause was tried by the court without a jury. The court gave instructions prayed by plaintiff and refused others asked by defendants. The court decreed that the note should be surrendered up to plaintiff.

*Gray*, for appellants.

I. If plaintiff's note was pledged for the $300 borrowed money and that had been paid, still Sellew & Co. were equitably entitled to retain plaintiff's note for the unpaid balance of the $1000 draft. No right of action accrued to plaintiff. A. & A. Wood & Co. were alone in privity with Sellew & Co. In a suit by A. & A. Wood & Co., Sellew & Co. could have set off the balance due them. Sellew & Co. could set up their claim against Conran, assignee of A. & A. Wood & Co. The first and second instructions asked by defendants should have been given. Conran could only sue as assignee, and the order did not amount to an assignment. It did not purport to be an assignment; besides, it was made by one partner more than two years after the dissolution. The fourth instruction should have been given. A. Wood and Meyers, who testified for plaintiff, were in the position of assignors of the right of action, and were incompetent to testify about any facts occurring before the assignment, the order of June 29, 1857.

*Grover*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The twelfth section of the tenth article regulating practice in civil cases (R. C. 1855, p. 1261) provides that " an issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived, or a reference ordered;" and the thirteenth section directs that " every other issue must be tried by the court, which, however, may take the opinion

of a jury upon any specific question of fact involved therein by an issue made up therein for that purpose, or may refer it." These provisions manifestly make a distinction between suits which were formerly recognized as actions at law, and bills in equity; and the mode of trial in a given case under the present code' may generally be determined by ascertaining whether under the old system it would be cognizable at law or in equity. In the former class of actions, whether the case is tried by a jury or submitted to the court, propositions of law must be presented in the form of instructions; (Von Phul v. City of St. Louis, 9 Mo. 49;) but in the latter class, instructions are not required, and perform no function in a case, except to indicate the points of counsel; and in such cases this court will not review instructions given or refused. This cause was properly triable by the court, and the instructions therefore will not be noticed.

There was evidence tending to show that A. & A. Wood & Co. borrowed of the defendant three hundred dollars, for which they executed their note and at the same time left with him as collateral security the note which they held on the plaintiff; that subsequently one of the late firm of A. & A. Wood & Co. paid to the defendant their note for three hundred dollars, and requested that it and also the collateral should be surrendered, which the defendant agreed to do, but did not at the time, for the reason that the collateral was deposited at a banking house, which he promised to send for and deliver up. Under this state of things the defendant had no longer any interest in the note, which had been deposited with him merely to secure the payment of another, but the right to it became reinvested in A. & A. Wood & Co., who could treat it as their own property. They had the right to receive the payment of it, and as soon as the plaintiff paid it he became entitled to the possession of it without any thing more. An assignment of the note was not necessary to give him a right to it after he had paid it. The order on the defendant to deliver the note to the plaintiff was not an assignment, and as either partner after their dissolution had

a right to collect the debts due to the firm, either had the right to give the order.

The evidence of A. Wood and Meyers related to facts which occurred after the plaintiff's note had been assigned to the defendant as collateral security, and there is therefore nothing in the second clause of the sixth section of the act concerning witnesses (R. C. 1855, p. 1577) which rendered either of them incompetent. The other judges concurring, the judgment will be affirmed.