Ellis & Cavender v. Kreutzinger.

ELLIS & CAVENDER, Respondents, v. KREUTZINGER, *et al.*, Appellants.

1. Under the present practice, cases which, under the old practice involved issues of law, are triable by a jury, unless a jury be waived; but cases formerly cognizable in equity are triable by the court.
2. In a case cognizable in equity, instructions will not be reviewed by the supreme court. (Affirming Conran v. Sellew, 28 Mo. 322.)

*Appeal from St. Louis Common Pleas.*

This case was before the court at October term, 1858, and is reported in 27 Mo. 311. The case was again tried in the lower court, in accordance with the opinion given. The defendants prayed that the cause should be tried by a jury, which was refused.

The court below gave and refused instructions.

*Hart & McGibbon*, for appellants.

The court below erred in refusing a trial by jury. (Rev. Stat. 1855, p. 1261, § 12.) This was a suit for money.

*N. Holmes*, for respondents.

In cases of equitable jurisdiction instructions are not required. (Conran v. Sellew, 28 Mo. 322.) In such cases neither party has a right to demand a jury. (Morris v. Morris, 28 Mo. 117.)

BATES, Judge, delivered the opinion of the court.

This cause was heretofore submitted to the court, and an opinion prepared in it which was not delivered. The parties now consent that judgment may be rendered in accordance with that opinion.

Ellis & Cavender v. Kreutzinger.

The judgment of the court below is therefore affirmed; all the judges concurring.

EWING, Judge.

This case has been before this court heretofore (27 Mo. 311), and the only point not then presented by the record which it is deeemed necessary to notice is, whether the issues should have been tried by the court or a jury. On the first trial the question seems not to have been raised; on the last, a jury was demanded and refused.

An issue of fact in an action for the recovery of money only, or of specific, real or personal property, must be tried by a jury, unless a jury trial be waived or a reference ordered; (Prac. Act, Art. 10, § 12;) and every other issue must be tried by the court, which, however, may take the opinion of a jury upon any specific question of fact involved therein for that purpose, or may refer it. (Id. § 13.)

The distinction between actions at law and suits in equity, though for most purposes abolished by our code, seems to be retained so far as to furnish the rule as to the forum before whom the trial is to be had. And the mode of trial, in a given case under the present code, may generally be determined by ascertaining whether, under the old system, it would be cognizable at law or in equity. (Conran v. Sellew, 28 Mo. 322.) The plaintiff claiming an equitable lien upon the proceeds of the policy of insurance, which had been deposited with him as a creditor of the assured; sought to enforce it against the parties who had taken an assignment of the policy, and others who had received its proceeds with notice of his prior equity. The prayer of the petition was for judgment against Kreutzinger, a decree for contribution from the other defendants, and for an account. The case, under the old system, was one clearly cognizable in equity, and the issues, according to the rule indicated, were properly triable by the court, and not a jury. Instructions in such a case will not be reviewed by this court. (Conran v. Sellew, *supra*.) Judgment affirmed.