## THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* HUFF and Others.

In an action against a railroad company, for damage occasioned to the plaintiffs by the erection of the road, where a general verdict was returned for the plaintiffs, the facts, that the railroad company had employed competent engineers, and had done no willful or unnecessary damage, would not entitle the defendant to a judgment, *non obstante veredicto,* because the road may have been located, and the work performed, with the utmost care, and yet damage may have resulted to the plaintiffs.

Where bills of exceptions are filed after the time allowed by the Court for filing the same, but no motion is made in this Court to strike out said bills, and no cross-errors are assigned touching the same, and the briefs of counsel are silent on the subject, this Court will consider such objections waived.

The mere fact, that parties, claiming and using a ferry right, had not regularly paid the license therefor, would not be available, as a defense, to one who should disturb those who possessed the right, or who should destroy or injure the same, but might, perhaps, be a ground for proceedings to declare the same forfeited.

A question, addressed to a witness, which merely calls for an opinion, instead of a statement of facts, upon which a verdict should be based, should be suppressed; but, if the answer to such question was such as could do no harm to the adverse party, this Court

will not reverse the judgment by reason of the refusal to suppress the question.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—The appellees sued the appellant, averring that, in the construction of the road of appellant, across the lands of appellees, the latter were injured, and that a ferry right appurtenant thereto, was, by the construction of the same, and of a bridge, for said road, likewise injured and damaged, etc.; that a claim for damages had been filed, but not acted upon. Answer in denial. It was agreed that the case should be tried, etc., as if, on appeal, the defendant not admitting that there had been any damage, and plaintiffs not conceding but that they could recover resulting damages, etc.

By agreement, there was a trial by a jury of three. General verdict for the plaintiffs, for three thousand and eighty-three dollars and fifty cents. Finding upon special points: *First.* That the damage to the land was three hundred and seventy-five dollars and fifty cents; to the ferry, two thousand seven hundred and eighty dollars. *Second.* The damage to the ferry could have been avoided by crossing at another place, at an additional expense of six thousand dollars. *Third.* Competent engineers were employed by the company. *Fourth.* No willful or unnecessary damage was done. *Fifth.* In estimating damages, supposed benefits were deducted.

It is urged, that these special findings were such, that the judgment should have been for the defendant, notwithstanding the general verdict. We think not. The road may have been located, and the work performed, with the utmost care, and yet damage may have resulted to the plaintiffs.

There are questions attempted to be raised as to rulings on the admission of evidence, and upon instructions given and refused. None of these questions are in a condition to

be passed upon, unless certain bills of exceptions are considered parts of the record.

The trial was at the October term, 1857, and the defendant had until the next term to prepare and file bills of exceptions. They were not then filed, nor at the next term thereafter; but at the April term, 1859, to-wit: on the 16th day of May, certain agreements of attorneys, and bills of exceptions, were filed. The agreements extended the time for preparing, etc., said bills, from term to term, until and during the April term, 1859. At the time they were filed the plaintiffs objected, for various reasons, set forth in the record; among them, that such a length of time had elapsed that they could not perfect the same; that the evidence was not all included, nor correctly stated; that the time allowed by the Court had elapsed. The objections were overruled and the exceptions filed. No motion is made here to purge the record by striking out said bills; no cross errors are assigned; nor is anything said in relation to the question in the brief of the appellees.

Under these circumstances, should the objections contained in the record prevail, for if we are to consider them, they must prevail, under the decisions heretofore made; or can the objections be waived, and if given, has the party waived the same, under the rules, by not assigning cross errors, nor noticing the same in his brief?

Under these circumstances, we are of opinion, the objections made, and exceptions taken, to the rulings of the Court in reference to filing said bills, are not available here, for the reason that they are not in a condition to be considered, being waived by the appellee.

The points made by the appellant, are upon the rulings of the Court, in admitting evidence, and in giving and refusing instructions.

A record was received in evidence authorizing, or rather establishing, the ferry, for the injury to which damages are

claimed.  As those interested, so far as appears, were made parties, we see no valid objection arising out of the fact that the appellant was not a party, as it did not then have a legal existence.  The further objection, that those claiming the ferry right, and operating under it, had not paid license regularly, may have been, perhaps, a sufficient reason for instituting proceedings to declare that right forfeited; but we do not think it could be available, as a defense, to one who should disturb those who possessed the right, in the enjoyment thereof; or who should destroy or injure the same.

It appears, that, after a witness had described the ferry, the bridge, and the railroad embankment, and their effect upon the ferry, he was asked this question : " What, in your opinion, is the amount of damages occasioned to the ferry of the plaintiffs, by reason of the obstruction of said bars, produced by and running below the piers of the defendant's bridge, and by reason of the obstructions of the piers and abutments of the bridge, to the passage of the ferry craft across the river at said ferry, supposing the bridge to be a permanent structure ? "

This was correctly objected to, and the objection erroneously overruled, as it called for a mere opinion, instead of a statement of facts, upon which a verdict should be based. But we do not see that the ruling injured the appellant. The answer to the question was: " I don't know as I can say.  The ferry now is not worth any more than keeping it up.  It was valued as a good piece of property, and rented high, and now it will not rent for so much.  All the difference is caused by the bridge."

It is insisted that the witness, in effect, gave it as his opinion, that a valuable piece of property was destroyed by the bridge; and it is argued that the natural result of the erection of the road was to diminish the travel over, and amount received at, said ferry. .

We think the answer will not bear that construction. It embodied, in short, the statement of several facts: 1. That the ferry was before then a valuable piece of property. 2. That it rented high. 3. It will not now rent for so much. 4. It is not now worth any more than the expense of keeping it up; that is, it will not yield any more.

Either party could have pushed the inquiry further, and ascertained from the witness, if he knew, the value of the property, before and after the erection of the bridge, and the rental value before and after, and the sources of his information on these points. But his general answer, "I do n't know as I can say," would prevent the jury from being misled as to any thing further that he did say. We do not see that he gave the jury any data upon which to base a verdict, in the answer, unless it was in the statement, that the ferry would not, then, any more than pay expenses. That was assuredly the statement of a fact susceptible of contradiction, if not true. It was not the expression of an opinion, strictly speaking. As to whether the falling off, in the receipts of the ferry, was attributable to other causes, was an open question, and one not to be settled by mere opinions. The answer of the witness is not given in the form of expressing an opinion, but rather of testifying to a fact; and, we suppose, if it had not been given in connection with the form of question propounded, there would have been no difficulty about the character of the testimony.

A question is presented, upon instructions given and refused, as to the right of the plaintiffs to recover resulting damages, caused by the erection of embankments, piers, etc., beyond the line of plaintiffs' land.

The abstract right to recover has been heretofore determined. *The Trustees, etc. of Canal* v. *Spears,* 16 Ind. 441. But here there were joined two causes of action, one for taking lands, and one for consequential damages. For the first, the proceeding should have been in conformity with the

statute. For the second, the damages could not have been claimed under such proceedings, but would have been, as they were, made the subject of a common law action. The suit was instituted in the Circuit Court for both causes, but as it was averred, and appeared, that a claim had been filed in accordance with the statute, and not acted upon by the appellant, it was agreed, that, in the pending case, the same damages shall be assessed by the jury, and the same rights vest in the defendant, upon the payment of the same, that would be assessed, or would vest, were this cause tried upon an appeal from the award of appraisers, etc., etc. "It is understood and agreed, that this agreement shall not be construed to waive any right the plaintiffs may have to recover for unnecessary and avoidable damages, if any were done, nor to any admission that the defendant did such damages, or are liable for the same."

It is insisted that, under this, the inquiry before the jury was limited to such damages as were occasioned by the taking of the plaintiffs' lands, that is, to such as could have been assessed by appraisers, appointed in pursuance of the defendant's charter.

No agreement was necessary to enable the plaintiffs to progress with their suit for consequential damages. Such an agreement was necessary in reference to the cause of action, which should have been laid before appraisers; that is, it would have been necessary, if such steps had not been taken, but as it was averred, the plaintiffs had performed their part, and the defendant had been negligent, it appears to have been thought necessary, to give the Court jurisdiction, that it should be agreed, that matter should be heard as on an appeal. We are of opinion, that the agreement applied to that class of damages only, and not to that concerning which an independent right of action existed.

*Per Curiam.*—The judgment is affirmed, with two per cent. damages and costs.

*H. W. Chase* and *J. A. Wilstach,* for the appellant.
*John Pettit, Samuel A. Huff,* and *Godlove O. Behm,* for the appellees.