JOSEPH WEIL *et al.*, Respondents, *v.* HENRY C. KUME, Appellant.

1. *Practice, civil — Jury not a matter of right in chancery cases.* — A suit alleging the cancellation and delivery of a note by mistake, and asking for relief, and that defendant be decreed to pay, etc., may properly be treated by the court as a bill in equity; and defendant therein is not entitled to a jury as a matter of right. Issues may be framed and submitted to a jury, but that is a matter of discretion and not of absolute right.

*Appeal from Cape Girardeau Circuit Court.*

*Lewis Brown*, for appellant.

Whether the action were legal or equitable, if it involved issues, defendant was entitled to a jury. The "decree" in this case merely found the amount of indebtedness, and was virtually nothing but a judgment at law. In equity the judgment must set for ththe facts (Marmaduke v. McMasters, 24 Mo. 51) and cover all the issues made. (Downing v. Bourlier, 21 Mo. 149; Murdock v. Finney, *id*. 140.)

*Dennis & Wilson*, for respondents.

This is properly a case of equity (1 Sto. Eq. Jur., § 167); hence the court properly refused a trial by jury. (Morris v. Morris, 28 Mo. 114; King v. Moore, 42 Mo. 551; Looker v. Davis, 47 Mo. 140; Brady v. Thatcher, 28 Mo. 129; Peyton v. Rose, 41 Mo. 237; Hickey v. Drake, 47 Mo. 369; Magwire v. Tyler, 47 Mo. 115.) It was not necessary that the decree should find the facts. (Judge v. Booge, 47 Mo. 544.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit instituted by the plaintiffs against the defendant, alleging a cancellation and delivery of a certain note by

mistake, and asking for relief, and that the defendant be decreed to pay, etc. The answer was a denial of the bill or petition. Upon the trial the defendant demanded a jury, and the court treating the petition as a bill in equity, refused to accede to the request and proceeded to try the case. The judgment was for the plaintiff. We see no error in the action of the court requiring a reversal. The petition might well be treated as a bill in equity, and in equitable suits a jury will not be called as a matter of right. Indeed, they are more properly triable before the chancellor. Issues may be framed and submitted to a jury, but that is a matter of discretion and not of absolute right. The evidence clearly justified the finding of the court, and the decree is obviously correct.

Judgment affirmed. The other judges concur.