GRAND LODGE, ORDER OF HERMANN-SOEHNE, v. YETTEL ELSNER, Respondent; JOHANNA P. ELSNER, Appellant.

St. Louis Court of Appeals, May 3, 1887.

1. EQUITY—INTERPLEADER—JURY TRIAL.—In an action in which an interpleader will not lie, at common law, or under the statute, where a bill, in the nature of a bill of interpleader is filed, neither party is entitled to a jury, as a matter of right.

2. ——— BENEVOLENT ASSOCIATIONS—INSURANCE—CONTRACTS.—The laws of a benevolent association form a part of its contract with its members, and, where it is admitted that the beneficiary of the fund, under its laws, is the widow of the deceased member, these laws are conclusive as to who is the beneficiary, in the absence of any evidence of any contrary rule, law, or custom, of the order.

3. ——— BENEFICIARY.—The deceased having been lawfully married, in a foreign country, his abandonment of his wife, without a legal severance of the marital bond, his cohabitation, in this state, with another woman, as his wife, and rearing a large family by her, does not entitle the latter woman, as against the former, to

the benefits of the fund, and his intention in effecting the insurance, and her good faith in considering herself his wife, are immaterial.

4. ―――― DEPENDENTS.—The words, "other dependents," as used in the statute on benevolent associations, includes, as beneficiaries, those who, not being members of the family of the deceased, nor his widow or orphans, are dependent on him, in some manner.

5. ―――― CHANGE OF BENEFICIARY.—The beneficiary having been designated, under the laws of the association, and that being the only contract, can not be changed, except by the concurrent consent of the member and the association.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

TORREY & GIVAN, for the appellant: The parties were entitled to a trial by jury. Story, Eq. Plead., sects. 297, 362; *Bank v. Bangs*, 2 Paige Rep. 570; *Angell v. Hadden*, 16 Ves. 203. The terms, "widow," "wife," and "husband," do not, necessarily, mean the lawful widow, wife, or husband. Howe's Goods, Eng. H. Ct. Prob. Div. 48 J. P. 743 (19 Cent. Law Jour. 479); *Kelly v. Johnson*, 2 Johnson Cases, 29 (1 Am. Dec.) 154; *Hardy v. Warren* (Mass.), 18 Cent. Law Jour. 268. If the marriage was illegal in its inception, his continuing to live with her, after the disability expired, made her his lawful wife. *Johnson v. Johnson*, 45 Mo, 595; 1 Black. Com. 436; Coke's Littleton, 79; Bishop on Mar. and Div., sect. 140; Shelf. on Mar. and Div. 197; *Wightman v. Wightman*, 4 Johns. Ch. 343; *Donnelly v. Donnelly*, 8 B. Mon. (Ky.) 113. The supreme court of Missouri has gone a long way to sustain irregular marriages. As to Indian marriages, see: *Johnson v. Johnson*, 30 Mo. 72; *Boyer v. Dively*, 58 Mo. 511; *La Revier v. La Revier*, 77 Mo. 512. As to marriages without ceremony, see *Cargyle v. Wood*, 63 Mo. 501; *Dyer v. Brannock*, 66 Mo. 391. In New York, under a statute somewhat similar to ours, it was held, in *Vallean v. Val-*

*lean* (6 Paige's Ch. 207), that such a marriage as the one under discussion is not void, but voidable, merely ; and, further, that said marriage can be declared void only on the application of one of the parties, and that it can not be declared void collaterally, after the death of either party. *Cropsey v. McKenney*, 30 Barb. 47 ; *Cropsey v. Ogden*, 11 N. Y. 228. A widow who has lived apart from her husband for twenty-three years ; who was not a member of his family, nor dependent on him during the time of his membership, is not entitled to any benefits arising from such membership. *Berlin v. March*, 82 Pa. St. 166 ; *Durian v. Central Verein*, 7 Daly, 168. In benevolent societies, the power of the member, as to the fund to be paid at his death, is a power of appointment, which is revocable, and the member may change his beneficiary, unless prohibited by the laws of the order, and the change may be made by will. *Durien v. Central Verein*, 7 Daly, 168 ; *Splawn v. Chew*, 60 Texas, 532 ; *Swift v. Conductors' Association*, 96 Ill. 309 ; *Tenn. Lodge v. Ladd*, 5 Lea, 716 ; *Pres. Assurance Fund v. Allen* (Ind.), 4 West. Rep. 716 ; *Coleman v. Supreme Lodge*, 18 Mo. App. 189 ; *Davidson v. Supreme Lodge*, 22 Mo. App. 263 ; *Sup. Council v. Priest*, 46 Mich. 429 ; *Hellenberg v. I. O. B.*, 94 N. Y. 580 ; *Red Men v. Clendennin*, 44 Md. 429 ; *Aid Society v. Lewis*, 9 Mo. App. 412. A special devise in a will, so far as concerns the rights of others than the society, is a valid execution of the power, regardless of its rules. *Splawn v. Chew*, 60 Texas, 532 ; *Hellenberg v. I. O. B.*, 94 N. Y. 580 ; *Sup. Council v. Priest*, 46 Mich. 429 ; *Aid Society v. Lewis*, 9 Mo. App. 412 ; *Tenn. Lodge v. Ladd*, 5 Lea, 716 ; *Swift v. Conductors' Ass'n*, 96 Ill. 309.

AUGUSTUS BINSWANGER, and BOYLE, ADAMS & MC-KEIGHAN, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff filed a petition in the nature of a bill

of interpleader, stating that it was a benevolent association; that one Jacob Elsner died May 3, 1885, and was, at the date of his death, a member, in good standing, of the plaintiff association, and that the laws of the society provide that, on the death of any member in good standing, it should pay to the widow of the deceased the sum of seven hundred dollars, and, in case there is no such widow, to his children, in equal parts.

The petition further states that there are rival claimants to such fund, who threaten to proceed against the plaintiff, and prays that the plaintiff have leave to pay the money into court, and that the claimants be ordered to interplead therefor.

The claimants, appearing, admitted that the bill was properly filed, and the plaintiff paid the money into court, and was discharged.

The two claimants, thereupon, filed their interpleas. The one filed by Johanna P. Elsner states that the sum of seven hundred dollars, by the laws of the order, is payable to the widow of the deceased member, if she has lived in matrimonial communion with him, or has supported his minor children; that she, the said Johanna, is the lawful widow of said Jacob Elsner, and that she had lived in lawful union with him from the time of their marriage until the date of his death, and supported his minor children; wherefore, she is entitled to said sum.

The interplea of Yettel Elsner states that the sum of seven hundred dollars is payable, by the laws of the order, to the widow of the deceased member, in case she shall have lived with the deceased in lawful union, or, in case she shall have supported the minor children of the deceased; that she, the said Yettel Elsner, is the lawful widow of the said Jacob Elsner, deceased, and had lived with the deceased in lawful union, and had supported his minor children; wherefore, she is entitled to said fund.

Both interpleas admit that Jacob Elsner died May 3, 1885; that he was, at the date of his death, a member,

in good standing, of the plaintiff order ; that, by reason of that fact, the plaintiff, by contract, was bound to pay to his widow the sum of seven hundred dollars, less funeral expenses.

Each interpleader filed an answer, denying the facts stated as a ground for recovery by the opposing inter-plea, with the exception of the facts admitted as above. The laws, rules, and regulations, of the plaintiff order, are not before the court, except as covered by the above admissions.

The court found in favor of the interpleader, Yettel, and the appellant, Johanna, complains of the following errors :

I.    That the court refused, upon her request, to submit certain special issues to a jury.

It is not contended here that the court erred in refusing to frame special issues, but that the court erred in refusing a jury trial altogether, as there was no waiver of a jury trial, and thus it is incumbent upon us to decide whether the appellant was entitled to a trial by jury as a matter of right.

The constitution of this state, article 2, section 28, provides that : "The right of trial by jury, as heretofore enjoyed, shall remain inviolate." It refers to a right well known and defined by prior adjudications on that subject.    That right never extended to issues in purely equitable proceedings.    *Conran v. Sellew*, 28 Mo. 322 ; *Ellis v. Kreutzinger*, 31 Mo. 432.    And the fact that the recovery of money is the object of the proceeding, does not change the rule.    *Weil v. Kume*, 49 Mo. 158.

We are referred by the appellant to a number of decisions, holding that the mere interposition of an equitable defence does not deprive the plaintiff of his right to a trial by jury.    *Wolff v. Schaeffer*, 4 Mo. App. 367 ; *Kitchen v. Railroad*, 59 Mo. 517 ; *Carter v. Prior*, 78 Mo. 222 ; *Moline Plow Co. v. Hartman*, 84 Mo. 614. Although even that proposition has not been held main-

tainable, where the answer, instead of setting up an equitable defence only, seeks affirmative equitable relief. *Freeman v. Wilkerson*, 50 Mo. 554. All these decisions, however, rest, for their foundation, on the principle, that the character of the action is determined by the petition, and not by the answer.

While actions of interpleader were always maintainable, at common law, in certain cases, this is not such a case. Story Eq. Jur., sect. 811. Neither is this one of the statutory proceedings, where the action, in its inception, is a mere action at law, and the proceeding, by interpleader, is engrafted upon it by statute. This action is one which, in its inception, clearly falls within the exclusive cognizance of courts of equity, and a court of equity, having thus acquired jurisdiction, will, according to fundamental rules applying to its proceedings, retain it, until it has disposed of all the issues by final decree, and has done complete justice to all the parties. Story, J., says: "An interpleading bill is considered as putting the defendants to contest their respective claims, just like a bill does, which is brought by an executor or trustee, to obtain the direction of the court upon the adverse claims of different defendants."

We are, therefore, clear that the court committed no error in refusing to submit special issues to a jury. The action being purely equitable, it was discretionary with the court whether it would do so, and such discretion can not be reviewed, on appeal.

II. The next error complained of is, that the court excluded declarations made by Jacob Elsner, as to his intent in effecting this insurance, and, also, excluded two wills made by Jacob Elsner, one in November, 1884, and the other in February, 1885, the last of which was duly probated, in both of which this benefit, with other property, was willed to the appellant, Johanna, who is described therein as his wife. In this ruling there was no error. The pleadings admit that this benefit, by the

laws of the order of which the decedent was a member, was payable to his widow, who had lived with him in lawful union, or matrimonial communion. It is nowhere asserted, claimed, or even intimated, that the contract was different, or that Jacob Elsner could, under any rule, regulation, or custom, of the order, dispose of the benefit, or change the beneficiary, by will, or otherwise.

Nor does it appear that Jacob had, when he became a member of the order, any power, by any of its rules or regulations, to designate to whom this benefit should be paid. The beneficiary was designated by the laws of the order, which, so far as the pleadings or evidence show, was the only contract. *Coleman v. Knights of Honor*, 18 Mo. App. 189. If this be so, the person whose life was thus assured, could not, by his subsequent declarations, written or oral, affect the rights of the beneficiary. *Reid v. Insurance Co.*, 58 Mo. 421; *Evers v. Life Association*, 59 Mo. 432; *McDermott v. Life Association*, 24 Mo. App. 73.

III. The only remaining question is, whether the court, upon the evidence, came to the right conclusion in awarding the money to Yettel Elsner. The facts shown by the evidence are these: Jacob was lawfully married to Yettel, in Kempen, Prussia, thirty-four years ago. They lived together as husband and wife for several years, and had two children, a boy and a girl, the issue of this marriage. Yettel and the two children still live. About twenty-nine years ago, Jacob came to the United States of America, leaving his family in Europe. About seven years after Jacob came to the United States, he began cohabiting with the interpleader, Johanna, and lived with her, representing her as his wife, until his decease. All the parties are of the Jewish faith. Johanna knew that Jacob had a wife living in Europe, but was told that he had given her a divorce according to the rites of the Jewish church. Jacob had several children with Johanna. There is no

pretense, on the one hand, that a legal severance of the bonds of matrimony between Jacob and Yettel ever took place. There is no claim, on the other hand, that Johanna did not consider herself the lawful wife of Jacob, and it is conceded that, but for the impediment of the former marriage, the living together of Jacob and Johanna was of such a character as to create the relation of husband and wife. The probability is great, that, when Jacob became a member of the order, he thereby intended effecting an insurance for the benefit of Johanna.

Conceding all this, however, we can not see how the case of Johanna is helped. The contract is clear and unambiguous, and its terms are clearly stated. It expresses conclusively, not the intention of Jacob, but the intention of both the contracting parties. It designates the beneficiary. That beneficiary is the widow, who had lived with Jacob Elsner as a wife in lawful union. Under the evidence in the case, there is only one person who answers that description, and we can not say that the court committed error in awarding the funds strictly in conformity with the express terms of the admitted contract.

The judgment is affirmed. All the judges concur.

ROMBAUER, J., delivered the opinion of the court on motion for re-hearing.

A motion for re-hearing was made in this cause some time ago, but, as the press of other business prevented us from giving it such attention as the closeness of the propositions, and the importance of the question involved, seemed to demand, its consideration was necessarily delayed.

The main grounds of the motion are: (1) That the construction placed by the court upon the contract makes the contract itself *ultra vires* of the plaintiff corporation, because the respondent, Yettel Elsner, was not dependent upon Jacob Elsner. (2) That the term,

*widow,* under the facts of the case, is ambiguous, and the court has resolved the ambiguity contrary to the intention of the parties. (3) That the decision of the court is contrary to sections 972 and 973, of the Revised Statutes of 1879, and controlling decisions in other states.

I. and III.    The statute provides (Rev. Stat., sect. 970): "Any number of persons, not less than three, who shall have associated themselves by articles of agreement in writing, as a society, company, association, or organization, formed for benevolent * * * purposes * * * may be consolidated and united into a corporation," and further provides:

"Sect. 972.    The associations and societies of the character referred to, and mentioned in section 970, may also include in their corporate powers the privilege for providing for the relief and aid of the families, widows, orphans, or other dependents of the deceased members, or for assisting such as may be sick, or disabled, from the proceeds of assessments upon the members of such society or association."

Counsel for the appellant argues that section 972 contains a limitation of power, and, as the provision is for "relief and aid," the beneficiary must not only be a member of the family, or a widow or orphan of the deceased member, but, also, must have lived dependent upon him for support.

There is no warrant for this construction. The words, "other dependents," are inserted to include persons who, not being either members of the family of the deceased, nor his widow or orphans, are yet dependent upon him in some manner. Any other construction would require the court in each case to enter into an investigation of the fact how far the widow, or orphans, or any other member of the family, was self-supporting; which, in itself, instead of furthering the objects of these associations, would soon encompass their complete destruction. This is in accord with the construction placed upon the statute by the supreme court of

Michigan, in *Supreme Lodge v. Naime* (22 Cent. Law Jour. 276), where it is held:— "The laws of that state (Missouri) expressly forbid corporations of this sort from paying benefits to any but the member's family or dependents. The intent of the prohibition is clearly to shut out all persons who are not actual relatives, *or* standing in place of relatives in some permanent way, *or* in some actual dependence on the member."

Nor is there anything-in the case of *Legion of Honor v. Perry* (140 Mass. 580), which can aid the appellant. There the by-law provided that a member in good standing might surrender his certificate, and have a new one issued, payable to such beneficiary, *dependent upon him*, as he might direct. The court decided that the member could not, by will, bequeath his benefit to one to whom he was engaged to be married, but to whose support he had contributed nothing, and who was not *dependent upon him in any sense*, because this was contrary to the laws of the association, which formed part of the contract.

II. We have stated, in our former opinion, that there was no ambiguity in the term, "widow who has lived with him in lawful union." While Yettel Elsner was living and not divorced from the plaintiff, and that fact was fully known to Johanna, all of which facts clearly appear from the record, it is not conceivable how Johanna could either live with Jacob in lawful union, or become his widow. That a state of facts may exist, under our statutes, of two women being endowed in the same lands, because the husband, during coverture, was seized of the lands, and, in that sense, he leaves two widows behind him, results from the fact that his union to both, though successive, was lawful, and that he was seized of the lands while the lawful union with each existed. On what theory that rule can aid a woman who, with full knowledge, unlawfully cohabited with a man, is not apparent. The mere fact that, after the lapse of intervening years, the person or persons can not be pro-

ceeded against for bigamy, does not render the cohabitation more lawful than a misdemeanor would become lawful, because its prosecution is barred by limitation.

In view of the apparent hardship of this case, we have carefully examined all the cases which have been pressed upon our attention in the appellant's brief, accompanying the motion for a re-hearing. The only case, which seems to be contrary to what we stated in our original opinion, is that of the *Catholic Benefit Ass'n v. Priest* (46 Mich. 431), where the court decides that the disposition of his benefit by the member by will did not violate the rules of the company, and then adds, *obiter*, "*and if it did we might not be prepared to hold the testator's disposition invalid because thereof.*" This dictum is opposed, not only to the almost universal ruling of other courts, but, also, to our own decision in *Coleman v. Knights of Honor* (19 Mo. App. 189), from which we see no reason to depart. Where the beneficiary is designated by the laws of the order, and that is the only contract, it can not be changed except by the concurrent consent of the member and the order. It was decided in *Kentucky Co. v. Miller's Adm'r* (13 Bush, 494), that it is not in the power of the company, or the member, or of both, to alter the rights of those who, by charter, are declared to be the beneficiaries, except in the mode and to the extent therein indicated—and this ruling is approved in *Duvall v. Goodson* (79 Ky. 229).

It is not claimed that the beneficiary has a vested interest which can not be divested by the concurrent action of the society and the member, permissible under the laws and rules of the society. "During his lifetime the member may exercise the power of appointment without other limits or restrictions, *except such as are imposed by the organic laws, or by rules and regulations of the society duly adopted in compliance therewith.*" *Masonic Mutual Benefit Society v. Burkhart*, 7 West. Rep. 537, and cases cited; *Duncan v.*

*Central Verein,* 7 Daly, 168 ; *Swift v. Conductors' Ass'n,* 96 Ill. 310 ; *Redman v. Clendennin,* 44 Md. 429 ; *Highland v. Highland,* 109 Ill. 366. Where, as in this case, the only beneficiary designated by the laws of the society is the widow, and it is neither averred nor claimed that the laws, rules, or regulations of the society permitted the member to change the beneficiary thus appointed, the only thing left for the court to do is to ascertain the person answering the description.

The motion for re-hearing must be overruled. All the judges concur.