THE CAPITAL CITY FERRY COMPANY, Respondent, v. THE
COLE & CALLAWAY TRANSPORTATION
COMPANY, Appellant.

Kansas City Court of Appeals, November 14, 1892

1. Practice, Trial: CHANGE OF VENUE: EQUITY CASE. In an equity
case it is not error to overrule an application for a change of venue on
account of the prejudice of the inhabitants, and this, too, though inci-
dentally an assessment of damages may become necessary to do com-
plete justice between the parties; for the case is at all times an equity
case, triable as other causes in chancery.

2. **Ferries** : FRANCHISE: PROTECTION. A ferry franchise is property, just as real estate or ordinary chattels are property, and the law concerns itself in its protection, just as in the case of other property.

3. ———: DEFINITE POINTS IN LICENSE. There is nothing in the statute requiring a definite and particular spot to be named in a ferry license, nor is there anything in the nature of the business which requires that a ferry shall be operated but from one place on one shore to a single place on the opposite shore.

4. ———: FAILURE TO COMPLY WITH CONDITIONS OF LICENSE: FORFEITURE. That a ferry company is using the privileges of a prior company, or is failing to comply with the conditions of its license, are matters which concern only its grantor, and of which defendant cannot complain; and so of plaintiff's alleged forfeiture of its license, as to which, however, the finding of the trial court is justified by the evidence.

5. ———: PRIORITY OF LICENSE. Defendant's contention as to the priority of its license is without merit.

6. **Judgment:** PLEADINGS. A decree in equity should be read, and its meaning determined, in the light of the pleadings and the object sought by the suit.

*Appeal from the Callaway Circuit Court.*—HON. D. P. BAILEY, Special Judge.

AFFIRMED.

*W. S. Pope* and *T. A. Boulware*, for appellant.

(1) The application for a change of venue from the county as well as the judge, being regular in form, should have been granted. Revised Statutes, 1889, sec. 2262; *State ex rel. v. Price*, 38 Mo. 383; *Dowling v. Allen & Co.*, 88 Mo. 300-1; *Corpenny v. Sedalia*, 57 Mo. 88; Revised Statutes, 1889, secs. 2258, 2260, 2262, 2131-4. A number of issues—questions of fact—were raised by the pleadings that were properly triable by a jury. *Henderson v. Dickey*, 50 Mo. 166. If the court might have submitted issues to a jury, a change of venue to another county ought to have been granted. *Kenwerty v. Phosphate Co.*, 17 S. C. 411-7; 43 Am. Rep. 607, 610; *Peake v. Peake*, 17 S. C. 421; *Regan v.*

*McCoy*, 29 Mo. 356; *Todd v. Terry*, 26 Mo. App. 610; *Donovan v. Barnett*, 27 Mo. App. 460; *Earl v. Hart,* 89 Mo. 270; *Kitchen v. Railroad*, 59 Mo. 514; *Pike v. Martindale*, 91 Mo. 278; *Henderson v. Dickey*, 50 Mo. 166. (2) In purely chancery cases the court in its discretion may submit issues to a jury. *Looker v. Davis*, 47 Mo. 144. And in the progress of a chancery case he can frame and submit issues to a jury if he sees fit. *Hickory v. Drake*, 47 Mo. 371. (3) The finding and judgment are not supported by the evidence. (4) The license from the Callaway county court is unreasonable in character, monopolistic and oppressive, and for that reason void, and gives no such rights as decreed. *White v. Railroad*, 44 Mo. App. 540; Anderson's Law Dictionary, p. 455; 91 Ill. 513; 2 Gilman's (Ill.) 226; *Brodner v. Baker*, 94 N. C. 675; *Mayor v. I. S. Co.*, 106 N. Y. App. 1; Revised Statutes, 1889, sec. 5060.

*Edwards & Davison, Silver & Brown, I. W. Boulware* and *N. D. Thurmond*, for respondent.

(1) Besides the cause being one in equity the application for a change of venue, because of the prejudice of the inhabitants of the county, was rightly overruled. *Wolff v. Ward*, 104 Mo. 127. And the action not being one "for the recovery of money only, or of specific real or personal property," defendant was not entitled to a jury trial. Revised Statutes, 1889, secs. 2131-2; *Grand Lodge v. Elsner*, 26 Mo. App. 108; *Conran v. Sellers*, 28 Mo. 322. (2) Relief in damages will be given as incidental to relief by injunction. Bispham's Equity, sec. 478; *Carroll v. Campbell*, 17 S. W. Rep. 809. Damages are recoverable in equity in this state. *Relae v. Alexander*, 74 Mo. 495. (3) The validity of the grant of a ferry franchise and the compliance of the grantee with the terms of his contract

can be questioned only by the state. *Douglass' Appeal,*
118 Pa. St. 65; *New Albany Co. v. Huff,* 19 Ind. 315;
*Harroll v. Ellsworth,* 17 Ala. 576; *Cotton v. Houston,* 47
T. B. Mon. 289; *Norris v. Co.,* Cal. 599; *Connor v.
Paxon,* 1 Black, 168; *State v. Evans,* 83 Mo. 319. (4)
Plaintiff was entitled to protection by injunction against
defendant operating a ferry from the Callaway shore
in the absence of any license to defendant from the
Callaway county court. *Conway v. Taylor,* 1 Black,
603. "A ferry is in respect of the landing place and
not of the water." *Conway v. Taylor,* 1 Black, 629, 630.
(5) The Callaway court had refused defendant a
license, and the decree awarding a perpetual injunction
was proper. A similar decree was entered in *Conway
v. Taylor, supra.* If, however, there is error in the
form of the judgment, the appellate court has ample
power to modify and correct it. Revised Statutes,
1889, sec. 2303.

GILL, J.—The plaintiff is a corporation organized
June 9, 1875, under the name of the Capital City Ferry
Company for the purpose of conducting a ferry bus-
iness across the Missouri river at Jefferson City; the
defendant is likewise a corporation organized for a
similar purpose October 22, 1891, under the name of
the Cole & Callaway Transportation Company. At
the time of the commencement of this suit and prior
thereto plaintiff had a license from the county court of
Cole county to conduct a ferry across the Missouri river
from Jefferson City to Cedar City; it also had, by an
ordinance of the City of Jefferson, the privilege of using
the landings in the City of Jefferson in connection with
its said ferry. Plaintiff was also in possession of a
license from the Callaway county court to keep a ferry
across the Missouri river from any point on the Calla-
way shore between Boone and Callaway line and Cedar
Island to the Cole county shore. While plaintiff was

in the enjoyment of its said license, rights and privileges, the defendant, *without* having a license from the Callaway county court to run a ferry, began operating a *free* one across the Missouri river from Jefferson City to Cedar City and back again.    The plaintiff has all the required licenses and authority to conduct its ferry; the defendant conducted its ferry without the necessary authority from the Callaway county court.    The plaintiff brought this suit to enjoin defendant from interfering with its franchise on the Callaway side and also prayed for an assessment of damages.    The court after having heard the evidence granted the injunction and awarded plaintiff damages in the sum of $636.    From this judgment defendant appealed.

I.    A great many points, or alleged reasons for reversal, are set out in the brief of defendant's counsel, and while considering all of these yet we deem it necessary to refer in this opinion only to the main or principal objections to this judgment.    It seems the suit was begun in the Callaway circuit court in November, 1891, and in January, 1892, when the defendant was brought into court, it applied for a change of venue from Callaway county, alleging in its application both the prejudice of the judge and of the inhabitants of the county.    The court sustained the application so far as it concerned the objection to the judge, but overruled it as to the objection to the inhabitants of the county; and, on the failure of the parties to agree in the selection thereof, a special judge to try the cause was duly elected by members of the bar present.    The matter of complaint is that a change of venue was not awarded from the county as well as from the judge.

The defendant's contention in this regard is clearly erroneous.    As to whether the inhabitants of Callaway county were, or were not, prejudiced against the cause of defendant, was wholly immaterial.    This is an equity

case triable by the judge sitting as a chancellor. It is true the trial judge in his discretion may have taken the opinion of a jury on any issue of fact, but he would in no sense be bound thereby. Such a verdict from a jury would be merely advisory, and the chancellor might, or might not, adopt its findings as to the facts. Nor was this "an action for the recovery of money only, or of specific real or personal property," wherein the law gives an absolute right of trial by jury. Revised Statutes, 1889, sec. 2131. That, incidentally, and to do complete justice between the parties, the court here awarded the recovery of the plaintiff's damages, .did not alter the nature of the action nor manner of trial. It was all the time an equity case, triable as other causes in chancery. *Alexander v. Relfe*, 74 Mo. 495. In support of the foregoing, sèe *Weil v. Kume*, 49 Mo. 158; *Grand Lodge v. Elsner*, 26 Mo. App. 113; *Wolff v. Ward*, 104 Mo. 127.

II. Coming now more nearly to the substantial merits of this controversy, we find that at the beginning of this suit the situation of the two parties (plaintiff and defendant) to be this: Plaintiff was, and had been for years, operating a steam ferry across the Missouri river from Jefferson City to the opposite bank at Cedar City in Callaway county, and was collecting tolls from its patrons. It claimed the right to prosecute this business by virtue of ferry licenses issued to it by the counties of Callaway and Cole as well as the privilege granted to it by the City of Jefferson of using certain landings, etc. A short time before the institution of this action defendant became incorporated, and providing itself with a boat attempted to run an opposition ferry between these identical points on the Callaway and Cole county shores. The defendant applied to the Callaway county authorities for a ferry license, and being refused began, without authority, the operation

of a free ferry alongside of plaintiff. This, of course, resulted in totally destroying plaintiff's business, since the traveling public patronized the free ferry in preference to that one where tolls were required. Now, clearly, the defendant corporation was prosecuting its calling outside the protection of the law. It had no license from the county of Callaway, and makes no such claim, but assails the alleged rights of the plaintiff. It is then the alleged weakness of plaintiff's title we have to deal with.

If now the Capital Ferry Company was in the rightful enjoyment of this ferry franchise, then unquestionably defendant had no right to disturb it. A ferry franchise is property, just as real estate or ordinary chattels are property; and the law too concerns itself in its protection just as in the case of other property. *Conway v. Taylor*, 1 Black (U. S.) 632.

It is contended by defendant's counsel that plaintiff's so-called license from Callaway county, as well as the privilege granted by the City of Jefferson, are void, the first for the alleged reason that said license to operate a ferry from the Callaway shore did did not confine the franchise to any particular place, and that the privilege granted by Jefferson City is inoperative, because it only took effect after the expiration of a prior franchise to the Jefferson City Steam Ferry Company, and that such expiration was not shown. As to the Callaway county license it purports to grant ferry privileges to plaintiff on the north shore of the Missouri river from the Boone and Callaway line (some four miles above Cedar City) to Cedar Island (two miles below said Cedar City), and now it is claimed that this license is void because not confined to a definite point on the shore. Under the circumstances of this case we think this contention wholly without

merit.    The objective points between which the ferry
was intended to operate were Cedar City on the Calla-
way side and Jefferson City on the Cole county side of
the river.    It transpires, however, that owing to the
existence ordinarily of sandbars along the Callaway
shore, and in front of Cedar City, it is not possible at
times to land the boat immediately at the town.    The
evidence clearly shows that occasionally it becomes
necessary to conduct the ferrying from points above,
and at others from points below Cedar City; but all the
time from the shore between the Boone and Callaway
line and Cedar Island.    It seems then entirely reason-
able that the license should name this extent of shore
as the place from which plaintiff's ferry should operate.
There is nothing in the statute requiring a definite and
particular spot to be named, nor is "there anything in
the nature of the ferry business which requires that a
ferry shall be operated but from one place on one shore
to a single place on the opposite shore. *Mayor v. N. J.
S. N. Co.*, 106 N. Y. 28.

        As to the further objection that plaintiff is using
and enjoying privileges in the City of Jefferson to which
it is not entitled by reason of a prior outstanding right
in another company, or because the plaintiff has failed
to comply with certain obligations or conditions
imposed upon it by the City of Jefferson in such grant
of privileges, defendant is not entitled to be heard.
Those are matters which concern only the City of
Jefferson and the plaintiff.   The municipality may if it
thinks the plaintiff has failed to live up to its obligations
in that behalf proceed against it for a forfeiture or
otherwise, but this defendant is in no situation to be
heard. *Railroad v. Huff*, 19 Ind. 315; *Harrell v.
Ellsworth*, 17 Ala. 576; *Douglass' Appeal*, 118 Pa.
St. 65.

And so, too, we may add, the like answer might be made to defendant's contention (based on certain evidence introduced by it at the trial), that because of certain alleged acts of omission or commission the plaintiff had forfeited the said ferry franchise. But however this may be, the testimony bearing on the question as to the manner of conducting plaintiff's ferry, the providing suitable boats, operating the same, etc., though conflicting, yet fully justified the trial judge in exempting plaintiff from any substantial dereliction of duty in the maintenance and operation of its ferry.

Neither is there any merit in the contention that plaintiff's license from Cole county was not taken out till November 11, 1891, and, therefore, subsequent to defendant's license from said county. The evidence clearly shows that the license before said November 11 was issued in the name of Moore, the captain and manager of the plaintiff's ferry boat. This, however, was a mere clerical error. The license from Cole county was all the time intended for, and was in fact the granting of a ferry franchise to plaintiff.

We note the objections as to the form of judgment in this case as suggested in the printed argument of defendant's counsel. While some doubtful language is there used, we yet fail to detect any just cause on that account for reversing the judgment. The decree should be read, and its meaning determined, in the light of the pleadings and the object sought by the suit. *Conway v. Taylor*, 1 Black, 632. When so considered the purpose of the judgment is plain, which is only to enjoin defendant from carrying on the ferry business between Jefferson City and Cedar City in Callaway county, and to fix and adjudge damages that had accrued to plaintiff by reason of defendant's invasion of plaintiff's franchise.

On a review then of this entire controversy, and all points raised and discussed, we find the judgment for the right party, and, therefore, affirm the same. ELLISON, J., concurs; SMITH, P. J., not sitting.