CAVIL M. FREEMAN AND WIFE, Respondents, v. JOEL H. WILKERSON, Appellant.

1. *Action at law converted into an equitable proceeding by answer — Instructions, improper.*—Where an action of law is converted into an equitable proceeding by the answer, it is improper for the trial court to give declarations of law; and it is not error in the court below, on the trial of such action, to refuse instructions, and error cannot be assigned here for such refusal.

*Appeal from Linn Circuit Court.*

*Geo. W. Easley*, for appellant.

The instructions asked by the appellant should have been given. The respondents' action was for the recovery of money only, and was an action at law, and in no sense an equity proceeding. (Wagn. Stat. 1040, § 12.) The amended answer asked no affirmative relief. It was defensive, and would not have enlarged the relief to which the respondents were entitled under their petition. The rule in equity cases is that no decree can be made not prayed for in the petition. (Evans v. Gibson, 29 Mo. 223; Bailey v. Ryder, 10 N. Y. 363; Flint v. Jones, 5 Wis. 424; Koehler v. Iron Co., 2 Black, 715.)

*Burgess & Mullins*, for respondents.

I. The judgment and decree rendered by the court below were authorized by the pleadings and the evidence. The plaintiffs were

entitled to such relief as the court declares to be consistent with the case made by them and embraced within the issues, without regard to the prayer of the petition. (Wagn. Stat. 1054, § 12 ; Ashby v. Winston, 26 Mo. 213 ; Northcroft v. Martins, 28 Mo. 470 ; Easley v. Prewitt, 37 Mo. 361.) And the decree was authorized by defendant's answer, if predicated on that alone. (Sto. Eq. Pl. 435, § 1503.)

II. The point made by counsel for appellant, that the court below proceeded irregularly in rendering judgment against defendant for the value of the property, to be enforced by execution, in the event of the failure of defendant to convey the property to Mrs. Freeman, is not well taken. That objection comes too late. It should have been made in the court below.

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs are husband and wife, and brought this suit for the purchase-money of real estate, which the petition alleges belonged to the wife, for her sole and separate use, and that she sold it to defendant for $1,500, and at his request made the deed to one Stephen C. Smith.

The defendant set up an equitable defense, charging that this real estate had been bought with the husband's money, while the defendant was liable for him for large amounts, and that the object of this transfer was to raise money to secure the defendant ; that after the sale to Smith, the defendant took a conveyance of the property from Smith to himself, and still holds it, to indemnify himself ; and if the court should find that he does not so hold it, then he holds it in trust to be conveyed to such person as the court may direct.

Upon the hearing of the case, after the evidence was through, the defendant asked several declarations of law, which were refused, and none were made. The court found from the evidence that the defendant was a trustee, holding the property for the plaintiff, M. M. Freeman, and gave judgment that the defendant convey to the plaintiff, M. M. Freeman, the property by a certain day ; and if he failed to do so, the plaintiffs have judgment for $1,500, and have thereof execution.

The answer of defendant converted this case into an equitable proceeding, and it was no longer a case for the recovery of money only; but the controversy was converted into an inquiry as to whether the defendant held the property as an indemnity, or in trust for the separate use of the plaintiff, M. M. Freeman.

As this was an equitable case, declarations of law were improper, and the court did not err in declining to give them. The evidence, it seems to me, sustains the decree, and it must be affirmed. But as the decree was in the alternative, and the time has elapsed for making the conveyance, it must be extended so as to give the defendant an opportunity to do so. A decree is therefore ordered to be entered here that the defendant convey in fee to the plaintiff, M. M. Freeman, for her sole, separate and only use, the property described in the petition, within sixty days after the adjournment of this court; and in case he fails to do so, that she recover of him the sum of $1,500 in lieu of the property, and have execution therefor, and also that the defendant pay all the costs in both courts. The other judges concur.