W. B. ADAMS, Respondent, v. J. HARPER, Appellant.

St. Louis Court of Appeals, February 9, 1886.

1. EQUITY—MISTAKES—PLEADINGS.—In an equitable proceeding to correct a mistake in a stated account, a petition which states, in two paragraphs, one of the items sought to be corrected, does not, therefore, contain two counts.

2. —— PRACTICE.—In an equitable proceeding, where the proper decree is rendered, the refusal of declarations of law which might have properly been given, is not error for which the judgment will be reversed.

3. OFFICERS.—The proper body to commission a county treasurer is the county court, and not the governor.

4. —— PRACTICE—RE-STATEMENT OF ACCOUNT.—A county treasurer who, in the settlement between him and his predecessor, is charged with void coupons for which the county refuses to give him credit, is entitled to a re-statement of the account so as to relieve him of liability for the amount of the void coupons.

APPEAL from the Butler County Circuit Court, GEORGE H. BENTON, Special Judge.

*Reversed and remanded with directions.*

W. N. NALLE, with CHAPMAN & STANDARD, for the appellant: The count in the petition, the second then on trial, ought to have contained all the facts necessary to constitute a cause of action, and can not be aided by reference to the preceding, or any other count, in this petition for such facts. Section 121, Bliss on Code Pleading, section 24 ; *Alexander v. Lupe*, 11 Mo. App. 597 ; Rev. Stat., sect. 3512, and note to *Henderson v. Dickey*, 50 Mo. 161. The governor alone, under the constitution and laws, issues commissions to county officials. All others are nullities. Section 23, Article 5, Constitution of Missouri ; *State v. Howard County Court*, 41 Mo. 247 ; as to county treasurer, 2 Rev. Stat., sections 5362 and 5363, 1879. The coupons show that they are payable to bearer at the Boatman's

Savings Bank, St. Louis. They were paid there and sent by it to defendant. They were never counterfeited, nor forged, nor were they void, or worthless. Are not these two innocent holders, and protected therefor? *Shirts v. Overjohn*, 60 Mo. 305; *Hamilton v. Marks*, 63 Mo. 167; 1 Wait's Act. & Def. (1 Ed.) 567. The instruction given by the court declares nothing of principle or theory, but does declare an arbitrary and dictatorial power then exercised without reason or justice. Courts were not created to do so. *Clark v. Hammerle*, 27 Mo. 55; *Sawyer v. Railroad*, 37 Mo. 240; *Fitzgerald v. Hayward*, 50 Mo. 516; *Longuemare v. Busby*, 56 Mo. 540.

JAMES CARR, for the respondent: Being a suit in equity, no declarations of law were proper or necessary; and it is not error to either give or refuse declarations of law. *Hunter v. Miller*, 36 Mo. 143; *Richardson v. Pitts*, 71 Mo. 128; *Alexander v. Relfe*, 74 Mo. 495. There is only one cause of action stated in the respondent's petition; and there is only one count in said petition. It would have been improper to have split the cause of action into two sections and then have stated it in two counts. *Curell v. Halpin*, Mo. App. 587; *Langford v. Sanger*, 40 Mo. 160.

THOMPSON, J., delivered the opinion of the court.

This action is in the nature of a suit in equity to surcharge and falsify an account. The substance of the case made on the pleadings and evidence is, that the defendant was the outgoing and the plaintiff the incoming treasurer of Butler county; that the defendant made a settlement with the plaintiff in which he turned over to him funds of the county to the amount of $10,000.91, taking his receipt therefor; that among the funds so turned over were seventeen alleged coupons of the county for thirty dollars each, amounting in the aggregate at their face value to five hundred and ten dollars, which were a part of a fraudulent and unauthorized issue and were

void ; and that the county, upon settlement with the plaintiff, refuses to allow him credit for this sum of five hundred and ten dollars, but charges him with the same ; and he prays for a money judgment against the defendant, and for general relief. The court, sitting as a chancelor, rendered a judgment against the defendant for this sum of five hundred and ten dollars and costs.

I. The point that the petition contained two counts, and that the second count, not being in itself sufficient, must fail as not stating a cause of action, is not well taken. The petition contains but one count relating to one transaction. The second paragraph, upon which the controversy arises, is not a distinct count, but merely a separate statement of one of the items of the account which the plaintiff seeks to have corrected. *Langford v. Sanger*, 40 Mo. 160. Looking at the whole petition, it states a good cause of action.

II. There was no error in refusing the declarations of law offered by the defendant, although after giving one for the plaintiff. The court is not bound to give declarations of law in chancery cases, but if it give them it is not error, provided it render the proper judgment. *Hunter v. Miller*, 36 Mo. 143 ; *Richardson v. Pitts*, 71 Mo. 128, 130 ; *Alexander v. Relfe*, 74 Mo. 495.

III. The point that the court erred in admitting in evidence the commission of the plaintiff, granted by the county court, is based on the assumption that, by the terms of section twenty-three, of article five, of the constitution, the governor, and not the county court, is required to issue the commission of the county treasurer. The constitutional provision is that, "the governor shall commission all officers, not otherwise provided for by law." Section 5362, Revised Statutes, provides that the county treasurer shall be commissioned by the county court. It is, therefore, a case "otherwise provided for by law," and the county court was the proper body to issue the commission.

IV. Upon the whole record, which has been examined with care, we are of opinion that the plaintiff

was entitled to substantial relief. But we do not see that he is entitled to a money judgment. He has not lost any money as yet, though he is in danger of losing it in consequence of the fact that the county court refuses to allow him credit for the coupons in question. Until he has lost something, he can not recover anything from the defendant. But he is entitled, so far as it is practicable to make it, to such a decree as will protect him against the apprehended loss. He is entitled to be placed, so far as the parties before the court enable the court to do so, in the place which he would have occupied had the defendant made with him the proper settlement in the first instance. To this end we think that the decree should be set aside and the circuit court directed to enter a decree requiring the defendant to re-state the account with the plaintiff so as to allow the plaintiff credit for the sum of five hundred and ten dollars, the face value of the void coupons, and, upon the plaintiff returning to him the void coupons, to surrender up to the plaintiff the plaintiff's receipt to him given for the sum of $10,000.91, and to receive from the plaintiff in lieu thereof his receipt for the sum of $9,490.91. And if the receipt already given by the plaintiff to the defendant shall have been filed as a voucher in the county court, and hence out of his possession, the decree should take the form of declaring it void and of no effect as against the plaintiff.

The judgment will be reversed and the cause remanded, with directions to the circuit court to enter a decree in conformity with this opinion. All the judges concur.