CATHARINE WALKER, Respondent, v. MARIA E. OWENS, ADMINISTRATRIX OF GEORGE W. OWENS, DECEASED, Appellant.

Kansas City Court of Appeals, April 25, 1887.

1. CONTRACT WITH POSSESSION, DEED TO BE AFTERWARDS FURNISHED—CASE ADJUDGED.—Where the defendant entered into the possession of premises, which were the legal estate of a married woman, under an agreement to pay for the property when a deed was tendered, and held and enjoyed them until the house thereon was destroyed by fire, and never, at any time, offered to surrender

possession, or to cancel the contract under which he entered, and, when the deed was tendered, refused it, solely on the ground that it was not properly acknowledged, and a *second*, on the ground that the description was incorrect, and correction was made to meet both objections, and a *third* deed tendered; and no question of *time* was ever raised until at the trial. *Held*, that a court of equity, under such circumstances, will not regard *time* as of the *essence* of the contract, especially so where the parties themselves have not so treated it.

2. ACKNOWLEDGMENT OF DEED—CERTIFICATE OF BY " CLERK OF THE COUNTY COURT," ETC.—The certificate to the acknowledgment of the deed in issue in this case recites that, " Before the undersigned, a clerk of the county court, within and for the county of Clay," etc. *Held*, that, as by statute, there could be but *one* clerk of such court, when the certificate recites that the officer taking the acknowledgment is a clerk of such court, the conclusion of the law is, that it was taken by the clerk of the county court, who is, by statute, authorized to take and certify such acknowledgments.

3. PRACTICE—WEIGHT OF EVIDENCE—CREDIBILITY OF WITNESSES. The weight of evidence and the credibility of witnesses is peculiarly the province of the trial court and jury, and this court will not interfere with that province, except where it is apparent the conclusion reached must have been the result of passion, undue prejudice, or a blind disregard of the evidence. And this rule is now much deferred to, even in equity trials.

APPEAL from Clay Circuit Court, HON. JOHN T. CHANDLER, Special Judge.

*Affirmed.*

The case is sufficiently stated in the opinion of the court.

D. C. ALLEN, for the appellant.

I.   The amended petition alleges a *separate* estate in the property in respondent. The deed from Letton and wife to her shows that whatever interest she had was *ordinary estate*. At the date, therefore, of the alleged sale to Owens, she could have no agent as to the property. She could only bind it by an instrument under seal, duly acknowledged. Rev. Stat. 1879, sects. 669, 670; *Wilcox v. Todd*, 64 Mo. 390, par. 5; *Huff v.*

*Price*, 50 Mo. 229, par. 7; *Hall v. Callahan*, 66 Mo. 324, par. 3.

II. *Mutuality* is of the essence of a contract. Both parties must be bound. Under the evidence in this case (on the theory that all of Mr. Nelson's was strictly correct), respondent was never bound. If so, neither was Mr. Owens. There was no agreement. Respondent could only agree through the mode provided by statute. 1 Parsons on Cont. [5 Ed.] 365, 6, 8; *Brown v. Rice*, 29 Mo. 322. There is no evidence that the title bond was signed by respondent's husband, nor acknowledged by him. The plain inference from Mr. Nelson's testimony is, that she only signed as principal, and Mr. Nelson and Mr. Ross as her securities. Mr. Owens could not, therefore, have enforced specific performance. Nor could he, had the husband joined in the bond. *Long v. Cockrell*, 55 Mo. 93; *Huff v. Price*, 50 Mo. 228; *Mueller v. Kaessmann*, 84 Mo. 318; *Sutton v. Casseleggi*, 77 Mo. 397. A plaintiff can only recover upon the cause of action stated in the petition. The words of the amended petition, " on and before the third day of April, 1875, the above-named Catherine Walker was the owner of, and in the quiet and peaceable possession" of, the land, can only mean that it was charged, and was so intended, that Mrs. Walker's estate in the land was *separate*. There was a fatal *variance of proof*. 1 Greenl. Evid. [10 Ed.] 71; *Burdeyne v. Mackey*, 7 Mo. 374; *Link v. Vaughn*, 39 Mo. 585; *Faulkner v. Faulkner*, 73 Mo. 327, but see p. 335.

III. The allegation of the amended petition is, that Mrs. Walker and her husband tendered Mr. Owens a deed to the property June 21, 1875, and that respondent had the same in court. The proof is the tender of a deed dated October 2, 1876, sixteen months after a deed ought to have been tendered, under the alleged contract. The delay was unreasonable. Where a deed is to be tendered, and a time is named, time is of the essence. As to when *time* is *essential*, see *Mason v.*

*Payne,* 47 Mo. 517; *Proctor v. Price,* 1 Mo. 373; *Benedict v. Lynch,* 1 Johns. Ch. [N. Y.] 370; *Dominick v. Sayre,* 4 Saund. 374. As to *reasonable* time, see *Wiswall v. McGowan,* Hoff. 125; 2 Parsons, 535, 661.

IV. If plaintiff had any cause of action, her suit was on the note executed for the property. The note was not delivered, but was signed and *agreed to be delivered,* and, if lost, this could be shown. The suit was, therefore, wrongly brought. *Steamboat v. Lumm,* 9 Mo. 63; Rev. Stat., sect. 3559; *Snyder v. Murdock,* 51 Mo. 175; *Miller v. Wells,* 5 Mo. 6; *Rhodes v. Outcault,* 48 Mo. 367.

V. A party is only bound to a party with whom he contracts, as a general proposition. Here, on the weight of evidence, appellant's decedent was only bound to Wm. F. Nelson. Geo. W. Owens was not bound to accept a deed from Mrs. Walker and husband, because he did not contract with them, and because there may have been questions as to the purchase of Mr. Nelson's stock of merchandise, if Mr. Owens purchased the same, which affected Mr. Owens' interests. Mr. Owens never assented to any assignment. *Southern Hotel Company v. Chouteau,* 53 Mo. 574, par. 2; *Lansden v. McCarty,* 45 Mo. 106; 1 Parsons [5 Ed.] 223 *et seq.*

VI. The instruction given by the judge of the circuit court, on his own motion, is erroneous in these particulars, viz.: (1) Said instruction assumes that the contract contained in the bond of evidence was sufficient to bind George W. Owens. *Sawyer v. Railroad,* 38 Mo. 240. (2) The instruction leaves to the jury, or the court, sitting as a jury, what is, as a legal question, a good and sufficient warranty deed. Questions of law cannot be submitted to the jury, or the court sitting as a jury. The appellant could not know, from the instruction, what the court held to be a sufficient deed. *Hudson v. Railroad,* 53 Mo. 525. (3) Said instruction does not embrace all the issues in the case. The instruc-

tion given is, in effect, a special verdict. *Raysdon v. Trumbo*, 52 Mo. 35.

VII. Upon the clear weight of evidence, Mr. Nelson assumed to act as the owner of the land, and disposed of it as the owner, without disclosing any principal, and, therefore, the circuit court erred in refusing to exclude his testimony, Mr. Owens being dead. Rev. Stat. 1879, sect. 4010. While, as a general rule, the appellate courts in Missouri will not reverse on the ground that the lower court decided against the weight of evidence, yet they do not hold themselves bound by such a rule, and will disregard it under proper circumstances. The appellate courts will reverse where the findings are against the weight of evidence. The evidence, in this case, of Mr. Nelson, is overweighed by the evidence of Mr. Stout, Mr. Ross and other facts in the case. Mr. Nelson is a son of the plaintiff and, presumably, biased and interested. The witnesses for defendant are disinterested, and, presumably, unbiased. *Forrester v. Scoville*, 51 Mo. 268; *Ackley v. Staehlin*, 56 Mo. 558; *Douglass v. Orr*, 58 Mo. 573.

VIII. The supreme court, in the case in 79 Mo., cites the case of *Price v. Hart* (29 Mo. 171). That case is analogous with this, for the reason that respondent never indicated her acceptance of Mr. Nelson's acts until October 2, 1876, when, perhaps, respondent may have wished to take advantage of Mr. Owens and not Mr. Owens of respondent.

IX. The circuit court erred in refusing to give appellant's instructions, numbered three and four. There is no evidence that Mr. Owens signed the title-bond, nor that Mr. Nelson had authority, or could have authority to act as Mrs. Walker's agent. Rev. Stat., sect. 2513. Cases cited as to married women's ordinary estate.

X. The acknowledgment to the deed, dated October 2, 1876, is void. There was, and is, but one clerk of the county court. The acknowledgment *implies* that there was more than one.

XI.   The remedy of respondent—if any she has—is
purely in equity.   It is clear she could not contract as to
the land, except by instrument under seal, duly acknowl-
edged.   The action, stated in the amended petition, is
purely on contract.   How can there be an action on con-
tract when there was no power of contracting?   The
action of respondent—if any she has—was in equity,
arising out of the *estoppel* of Mr. Owens, and for the pur-
pose of charging the land with the purchase money.

No brief for the respondent.

PHILIPS, P. J.—This case was passed upon by the
supreme court, on appeal from a former trial, and is
reported in 79 Mo. 563.   The cause having been remanded,
it was re-tried on the same issues.   The evidence, in
every material particular, was the same on the last as
the first trial, with the single exception that the one dol-
lar, assumed, in the opinion, to have been paid by defend-
ant on the purchase money, was not so intended.   Verdict
and judgment for plaintiff, from which defendant pros-
ecutes this appeal.

I.   Every important and controlling question of law
involved in this case, was considered and determined by
the supreme court.   It was purposely so done, in re-
manding the cause, for the guidance of the trial court, in
the event of further contention on the part of the defend-
ant.   That decision is binding and conclusive on this
court.   Laws of 1883, sect. 6, p. 216.

II.   It is now insisted by appellant that there is a
fatal variance between the allegations of the petition
and the proof, in this, that the petition avers a separate
estate in the plaintiff in the land in question, whereas
the deed read in evidence, vesting title in her, only gave
her a legal estate.   The allegation of the petition is, that
plaintiff, "in her own right, was the owner, and in the
quiet and peaceful possession of" the land.   It would

be a most strained construction of this language to hold that it created a separate estate in the plaintiff. Be this as it may, we are wholly unable to perceive how such a fact can affect the result. The single issue was, did the defendant contract to purchase of the plaintiff the lot in question, and promise to pay therefor the sum of two hundred dollars, on the tender to him of a deed, as alleged. What difference could it make to the defendant whether the plaintiff's was a legal or separate estate? In either event she would have a right to sell, and her husband would have to join her in the deed, if living; and the defendant, under such deed, would acquire the fee absolutely. How could he, under such a state of fact, have made an affidavit of surprise or injury by such variance? The objection is the merest technicality, without substance or merit.

III. It is next urged that, as the plaintiff owned only a legal estate, as a *feme covert*, she could not, by a contract of sale, by agent or otherwise, bind herself to make a deed, enforceable, at law or in equity, against her, and, therefore, specific performance could not be maintained for lack of mutuality. This objection was anticipated in the opinion of the supreme court, in remanding the cause. The facts exist, and were found, which obviate this objection. They are satisfactory to our mind, and, if they were not, we are bound by the directions of the supreme court.

IV. It is urged that time was of the essence of this contract, inasmuch as one witness testified that the deed was to be tendered on or before the first day of June, 1875; whereas, the deed read in evidence was not tendered before the second day of October, 1876. There are several complete answers to this objection. In the first place, no such issue is presented by the answer. And, if it had been, it would have been wholly inconsistent with the other denials of the answer. The answer denied

the existence of any contract of sale, and pleaded the statute of frauds; whereas, the plea of *laches* would have admitted that there was a contract, but the plaintiff had failed to tender the deed at the specific time agreed upon. In the next place, the defendant entered into the possession of the premises, held and enjoyed them until the house thereon was destroyed by fire, and never, at any time, offered to surrender possession, or to cancel the contract under which he entered. The plaintiff's evidence was, that defendant agreed to pay for the property when the deed was tendered; that such deed was tendered on the twenty-first day of June, 1875, which defendant refused, solely on the ground that it was not properly acknowledged. A second deed was tendered, which he refused, "because, as he claimed, the description was incorrect." He was still holding on to the property, and raised no question as to the time of the tender. Then the deed of October 2, 1876, was tendered, and again he refused to accept; and no question, as to time, was ever raised until at the trial. The defendant himself testified, by deposition, in the cause, and the only fact testified to by him, as disclosed by this record, is, that he did not sign the title bond.

A court of equity, under such circumstances, will not regard time of the essence of the contract, especially so where the parties themselves have not so treated it. *Melton v. Smith*, 65 Mo. 315.

V. It is now urged that the deed of October 2, 1876, was not properly acknowledged, because the certificate of acknowledgment implies that there were more than one clerk of the county court. The certificate recites that, "before the undersigned, a clerk of the county court, within and for the county of Clay," etc. As, by the statute, there could be but one clerk of such court, when the certificate recites that the officer taking the acknowledgment is a clerk of such court, the inevitable conclusion of law must be that it was taken

by the clerk of the county court, who is, by statute, authorized to take and certify such acknowledgments.

VI. It is finally contended that the weight of evidence in favor of the contention, that the contract was made in the name, and on behalf, of Nelson, without disclosing his agency for plaintiff, is such that this court should reverse and remand the cause, or enter judgment here for the defendant. It is true that one witness for defendant testified that the title bond was made in the name of Nelson, and another witness testified that he did not understand that Nelson was acting for the plaintiff, but rather in his own behalf. It is also true that Nelson is the son of 'plaintiff. But his testimony is most direct, that he acted for Mrs. Walker only; that defendant knew this fact, and the title bond was drawn in her name, and that the contract was, that defendant was to pay the two hundred dollars when the deed was tendered. The supreme court and appellate courts, in repeated decisions, emphasized of late, hold that the weight of evidence and the credibility of the witnesses is peculiarly the province of the trial court and jury, and that we will not interfere with this province, except where it is apparent the conclusion reached must have been the result of passion, undue prejudice, or a blind disregard of the evidence. *Hipsley v. Railroad*, 88 Mo. 353, and citations; *Sherer v. Rischert*, 23 Mo. App. 275; *Johnson v. Barnes*, 23 Mo. App. 546; *Shockley v. Fischer*, 21 Mo. App. 551; *Hemelreich v. Carlos*, 24 Mo. App. 264. And this rule is now much deferred to, even in equity trials. There, too, are many strong corroboratory facts and circumstances of the testimony of Nelson. The defendant, as we have already stated, took and held the title bond for months. He does not seem to have ever made the objection that his contract was with Nelson, and not the plaintiff. In his deposition he did not testify to the fact, but only claimed that he did not sign the bond. If, in fact, the bond did not purport to be made in the name of plaintiff, it is most reasonable to

presume that this would have been uppermost in his mind when the deeds were tendered in the name of plaintiff, and when he gave his deposition. His silence on so vital a matter is most significant.

Equally improbable is it, that a man of intelligence should contract for property, in a community where he lived, and in a small town like that where this lot and house were situated, enter into possession, and hold it for months, without knowing who the real owner was.

VII. Appellant has raised many other questions, creditable to the ingenuity of counsel, but they are of little force to overcome the paramount equity and right of this plaintiff to have her money, from a man who entered into possession of a house and lot, enjoyed them until the house was destroyed by fire, and the property thereby rendered of little value, and then refuses to pay for it, by resorting to the statute of frauds, and every conceivable quibble, to thwart the ends of justice.

The judgment is for the right party. Let it be affirmed. It is so ordered. All concur.