## DANIELSON ET AL. V. GUDE.

1. An affidavit for a continuance which states that affiant's wife, a witness in the case, is expected to be confined in a few days; that, when the case was called two days before, affiant believed she could attend, but afterwards his family physician informed him it would be dangerous for her to do so; and in a general way what her testimony would be, *held* insufficient.
2. The question whether an issue of fact must be tried by a jury or by the court is not to be determined from the nature of the issue, but

from the character of the action in which such issue is joined. The code abolished forms of action, but did not undertake to do away with the distinction between legal and equitable causes of action.

3. When defendants enter upon and proceed to trial upon the merits without demanding a ruling upon a demurrer they waive the demurrer. The demurrer being waived and no answer to the complaint being interposed, every material allegation in the complaint must, for the purposes of the action, be taken as true.

4. A court of equity having obtained jurisdiction of the subject-matter may retain such jurisdiction for the purpose of deciding the whole controversy.

5. Where two causes were consolidated, one to construe a deed for real estate as a mortgage, and the other carrying into effect a chattel mortgage, held, that in the decree of foreclosure the court should have limited the amount to be made by the sale of the personal property to the sum for which such chattel mortgage was given.

6. Whether any questions of fact, and what questions of fact, shall be submitted to a jury in a cause where the court is not in any manner controlled by the verdict, is a matter resting wholly in the discretion of the court; and when the court in such case submits to the jury certain specific facts, neither party has the right to ask the court to instruct the jury.

*Appeal from District Court of Chaffee County.*

ON the 5th day of August, 1884, appellee, Wilhelmine Gude, commenced an action in the district court of Chaffee county to recover the possession of certain personal property which had been on the 3d day of May, 1884, conveyed by appellants to appellee to secure the payment of a promissory note for the sum of $2,298.72, made by appellants to appellee. Defendants demurred to the complaint on the ground that it did not state a cause of action. This action is numbered 702 in said district court. On the 6th day of August, 1884, appellee commenced an action against appellants in said district court, in which action she sought to have a certain deed, made and executed by appellants to her, decreed to be a mortgage to secure the payment of certain notes, described in the complaint, made by appellants to appellee, and the foreclosure of said mortgage, and a sale of the mortgaged premises, and the application of the proceeds of said sale

to the payment of said notes, and interest due thereon. The defendants, answering the complaint, admit the making of said notes, but allege that, in making up the amount for which each of said notes was given,. compound interest was included, without contract therefor, and, by reason thereof, the amount of each of said notes was largely increased, and that defendants were induced to sign said notes by the false and fraudulent representations of the plaintiff that only the rightful amount of interest was included therein. As to one of said notes, defendants further allege that, prior to the making thereof, one Lee made, in behalf of the defendants, an arrangement with plaintiff whereby, for a valuable consideration then paid by said Lee, plaintiff agreed to extend the time for the payment of the indebtedness owing by defendants to her for the term of three months, without interest; and that plaintiff, by fraudulently withholding from defendants knowledge of such agreement, induced defendants to make said note, in the amount of which was included interest on said indebtedness for said three months. By failing to deny the allegations of the complaint defendants admit that they made the deed mentioned in the complaint, and that it was to have the effect of a mortgage to secure the payment of the amount due on the said several notes. The plaintiff replied to the answer, joining issue upon the defense set up therein. This action is numbered 703 in the district court. On the 22d day of August, 1884, appellants commenced an action against the appellee in said district court, in which action they sought to restrain the appellee from selling the personal property which action 702 was brought to recover, during the pending of said actions 702 and 703; and prayed that said injunction might be made perpetual upon the final hearing of the action, and for a decree that the chattel mortgage mentioned in the complaint in action 702, and the note it was given to secure, be delivered up and canceled and held for naught. De-

fendant answered, denying all the allegations of fraud, and want of consideration, in the making of said notes. This action was numbered 706 in said district court. The plaintiff in action 702 obtained possession of a portion of the personal property claimed; and on the 22d day of August, 1884, a temporary writ of injunction was issued and served, in action 706, restraining the sale by appellee of any of said chattel mortgaged property during the pendency of said action and action 703; and thereafter a stipulation between the parties was filed in action 706, whereby, among other things, it was stipulated that the property taken by the defendant in said action, under the writ issued in action 702, should be taken to plaintiff's ranch, and there be kept until the final hearing of said action, and that all of the mortgaged property should remain on said ranch until the further order of the court, except so much of the crops as might be sold to pay the expense of harvesting the same; and on the same day that said stipulation was filed an order was entered, by consent, consolidating actions 702 and 706 with action 703, and that the issues made in said causes 702 and 706 stand as issues in cause 703, and that all of said issues be tried therein. The case went to trial upon these pleadings.

Messrs. TAYLOR, ASHTON and TAYLOR and A. K. VANATTA, for appellants.

Messrs. S. D. WALLING and C. C. PARSONS, for appellee.

RISING, C. The first and second assignments of error question the ruling of the court in overruling defendants' motion for a continuance. This motion was based upon the affidavit of N. P. Danielson, one of the defendants. The material facts stated in said affidavit are that M. E. Danielson, the wife of affiant, and a defendant in said action, expected to be confined in a few days; that on the 29th day of September, when the case was called,

affiant believed that his wife could attend the trial, but after said time his family physician informed him that it would be dangerous for her to do so. Affiant also stated, in a general way, what the witness M. E. Danielson would swear to if present at the trial. This affidavit is wholly insufficient as a showing for continuance. It shows that affiant, two days before he made the affidavit, believed his wife would be able to attend the trial; and the only showing made as to her being unable to attend the trial is the statement of affiant that his family physician had informed him that it would be dangerous for her to attend the trial. This will not do. The name of the physician is not given, nor any facts from which it is shown that the physician had any knowledge of the circumstances upon which he could base an opinion. If a motion for continuance is to be based upon the professional opinion of a physician, the proper course is to obtain the affidavit of such physician, and such affidavit should show the facts upon which such opinion is based. It does not appear from the affidavit but that the same facts desired to be proved by the witness could be proven by other witnesses, nor that he could not safely proceed to trial without the attendance of such witness. There was no abuse of discretion in denying the motion for continuance.

The twenty-third assignment of error questions the sufficiency of the evidence to support the decree; but counsel for appellants, in their argument, say that they do not insist upon this assignment. The other assignments may all be considered and disposed of in the consideration of the question whether the court erred in treating the case as an action in which the issues of fact are properly triable by the court. It is contended by appellants that having, by their pleadings, admitted that the deed set up in the complaint in case 703 was executed by appellants, and that it was to have the effect of a mortgage to secure the actual amount due from appel-

lants to appellee, no issue was left for trial except the
issue as to the amount actually due from appellants, and
that this state of the pleadings made the action triable as
an action for the recovery of money due on contract. We
think appellants' counsel are correct in assuming that
the only question of fact raised by the pleadings relates
to the actual amount of indebtedness due from appellants
to appellee, and this issue arises upon the pleadings in
case 703, and the determination of this issue in that case
is the determination of the question arising upon the
same facts, and presented by the pleadings, in case 706.
Whether the issue of fact thus presented must be tried
by a jury or by the court must be determined by the pro-
visions of section 154 of the Code, which reads as follows:
"An issue of law shall be tried by the court, unless it be
referred, as provided in the title in regard to reference.
In actions for the recovery of specific real or personal
property, with or without damages, or for money
claimed as due on contract, or as damages for breach of
contract, or for injuries, an issue of fact must be tried by
a jury, unless a jury trial is waived, or a reference is or-
dered, as provided in the code. In other cases issues of
fact must be tried by the court, subject to its power to
order any such issue to be tried by a jury, or to be re-
ferred to a referee, as provided in this code." It is con-
tended by counsel for appellants that when the sole issue
of fact, arising upon the pleadings in any case, is as to
the amount of the recovery for money due on contract,
such issue must be tried by a jury. We do not so con-
strue the provisions of section 154 of the code. The
question whether an issue of fact must be tried by a jury
or by the court is not to be determined from the nature
of the issue, but from the character of the action in
which such issue is joined. The code abolished forms of
actions, but did not undertake to do away with the dis-
tinction between legal and equitable causes of action.
*Bank v. Ford,* 7 Colo. 314; *Smelting Co. v. Finch,* 6

Colo. 214–222. The code provisions relating to the trial of issues of fact recognize the distinction which formerly existed between actions at law and bills in equity. *Conran v. Sellew*, 28 Mo. 320. The foreclosure of a mortgage was an equitable proceeding, under the practice before the code, and has been so treated under code practice. *Manufacturing Co. v. McAllister*, 6 Colo. 261. And it has been held by this court that the practice of trying chancery cases to the court without a jury is clearly established by the provisions of section 154. *Hall v. Linn*, 8 Colo. 264–267. The case is one in which the issues of fact are properly triable by the court, and the court committed no error in so treating it.

It is further contended by appellants that the court erred in providing, in the decree rendered, that if the proceeds of the sale of the real estate are insufficient to pay the amount found due to the plaintiff, with costs and charges, then the plaintiff shall sell the chattel property according to the terms of the chattel mortgage, and apply the proceeds of such sale, according to the provisions of said mortgage, in payment of the balance appearing to be due to the plaintiff by the return of the sheriff of the sale of the real estate. This objection to the decree is based upon the fact that no mention is made of the chattel mortgage in the complaint in case 703, and upon the further fact that the demurrer in case 702 was not disposed of at the time of the trial, and that therefore the court could not properly consider any question or fact involved in that case in rendering the decree in the consolidated cases. We do not think this objection well taken. On the 10th day of September, 1884, the following order was entered in case 706: "In this case the property replevied, to be disposed of according to the stipulation this day filed, to stand for trial with 703." And on the same day the following order was entered in case 703: "Nos. 702 and 706 having, by consent, been consolidated with this case, it is ordered that the issues

made in said causes stand as issues in this case, and that all of said issues be tried herein." As we have seen, the only issue of fact for trial in cases 703 and 706 had reference solely to ascertaining the amount due from appellants to appellee; and the sole issue in case 702 was an issue of law, and this issue was pending and undetermined at the time the cases were consolidated and at the time of trial. The defendants, by entering upon and proceeding with such trial upon the merits, without demanding a ruling upon the demurrer in 702, thereby waived the same. *Anderson v. Sloan,* 1 Colo. 484. The demurrer being waived, and no answer to the complaint being interposed, every material allegation of the complaint must, for the purposes of the action, be taken as true. One of the material allegations of said complaint is that the ownership and right of possession of the plaintiff in and to the chattels and personal property described in the complaint arises from, and exists by virtue of, a chattel mortgage executed and delivered by defendants to plaintiff, conveying said chattels and personal property to plaintiff, to secure certain described indebtedness of defendants to plaintiff. By the consolidation of this case with 703, the fact that the personal property described in the complaint in 702 was given to secure an indebtedness from defendants to plaintiff became an admitted fact upon the trial of case 703. By the writ of injunction issued and served in case 706 the plaintiff in case 702 was enjoined from selling or disposing of any of the chattel mortgaged property during the pendency of said actions 703 and 706, and until the court should make other order to the contrary. From this statement of facts it is apparent that the court was in possession of all the facts necessary to enable it to make a disposition of the chattel mortgaged property in accordance with the rights of the parties as established upon the trial.

But it is contended by appellants that, as the chattel mortgage was given to secure a certain note, and as the

jury found that the consideration of that note was solely interest, and compounded, the plaintiff is not entitled to recover anything on said note, and therefore the property mortgaged cannot be held under the mortgage for the payment of the indebtedness for which said note was given; and this position is assumed upon the ground that the note is so vitiated by fraud as to render it void. The findings of the jury do not sustain the appellants' allegations of fraud. The jury, in reply to a question which the court instructed them to answer, say that the plaintiff did not represent to defendants, or to either of them, at any time, the amount of interest due. The court having obtained jurisdiction of the subject-matter through the injunction proceedings instituted by appellants, it could retain such jurisdiction for the purpose of deciding the whole controversy. 1 Pom. Eq. Jur. § 236.

A question arises whether the decree of the court should order a sale of the chattel mortgaged property for the payment of such portion of the indebtedness from appellants to appellee as should remain unpaid after the sale of the real estate, and the application of the proceeds of such sale to the payment of costs and indebtedness, or should order such sale of the personal property to be made to pay such balance, or a portion thereof equal in amount to the sum which said chattel mortgage was given to secure. We think the decree should limit the amount to be made by a sale of the chattel mortgaged property to such sum as such mortgage was given to secure. It seems clear to us that there was not a total failure of consideration for the note secured by the mortgage, but that a good consideration existed to the extent of the amount of interest due upon the indebtedness at the time the note was given, less any deduction to be made on account of any payment made thereon. This was the view taken by the jury, and in accordance with that view they found the actual consideration of said note

to be the sum of $1,535.24; and this sum, with interest thereon at three per cent. per month from the 3d day of May, 1884, to the date of the decree, is the amount of the indebtedness for the payment of which the chattel mortgaged property may be held as security. The amount due on said note for principal and interest at the date of the decree is the sum of $1,765.52, and the decree should be so amended as to provide therein that if, upon the sale of the real estate to pay the amount of the indebtedness as found by the court below, with costs and charges, the proceeds of such sale should be insufficient to pay such indebtedness and costs, then the chattel mortgaged property may be sold to pay such balance of said indebtedness so remaining unpaid, not exceeding in amount the said sum of $1,765.52, with interest thereon at ten per cent. per annum from the date of said original decree.

The errors assigned upon the action of the court in refusing the several requests of appellants to submit certain questions of fact to the jury, and the error assigned upon the action of the court in submitting certain questions of fact to the jury, and the errors assigned upon the action of the court in giving, and in refusing to give, certain instructions to the jury, are each and all of them determined by the holding that the case was properly triable by the court. Whether any questions of fact, and what questions of fact, shall be submitted to a jury in such cases, is a matter resting wholly in the discretion of the court; and when the court, in such cases, submits to a jury certain specific facts, neither party has the right to ask the court to instruct the jury, because the court is not in any manner controlled by the verdict. Thomp. Char. Jur. § 95; *Van Vleet v. Olin*, 4 Nev. 592; *Freeman v. Wilkerson*, 50 Mo. 554. We do not think appellants have any grounds for complaint in relation to the questions the court submitted to the jury. The questions submitted covered every question of fact upon which the

court was called upon to pass, and were such as to greatly aid the court in arriving at correct conclusions as to the matters upon which the court desired to be advised.

The decree should be amended in accordance with the views herein expressed.

Stallcup and De France, CC., concur.

Per Curiam. For the reasons assigned in the foregoing opinion it is ordered that the decree of the district court be modified as therein suggested, and that this cause be remanded to said district court, with directions to enter up said modified decree as the judgment and decree of said court.

*Remanded.*