Gunter, J.
Anderson Shore, one of defendants in error, was indebted to The Bank of Montrose, evidenced by two notes, one in the principal sum of three thousand dollars, the other in the principal sum of two thousand dollars, secured by trust deed upon the real estate involved herein. The bank requested payment, and through its aid Shore borrowed of a third party thirty-five hundred dollars, and secured the same by trust deed upon,the interests here involved, and with the sum so secured discharged the three thousand dollar note, principal and interest. In order to make the trust deed securing the thirty-five hundred dollars thus obtained a first lien, the bank released the trust deed securing its above two notes and took a second trust deed to secure the unpaid note of two thousand dollars. September 28, 1897, the trust deed securing the note of thirty-five hundred dollars was executed and placed of record. Upon the same date was executed the trust deed securing the note of two thousand dollars. The lat *357 ter trust deed was not then placed of record, it was laid aside, and in the confusion which attended the failure of the bank, which occurred soon thereafter, this trust deed was not placed of record for some time later, and not until after October 5, 1897.
Mrs. Ida Shore, wife of Anderson Shore, and one of defendants in error, had during her married life, at his request, loaned him at one time two thousand dollars, and at another twenty-eight hundred dollars. These sums being her individual property before her marriage with Anderson Shore. When she loaned him these sums he promised to repay them with interest at the rate of 10# per annum. She frequently requested of Shore payment of or security for these sums, and on October 5, 1897, at her request, he deeded to her, subject to the thirty-five hundred dollars trust deed above mentioned, the real estate involved herein being a part of the real estate, as stated, covered by said trust deed. She accepted the equity thus conveyed to her and certain personal property and other interests in satisfaction of the then indebtedness of Shore to her, which indebtedness aggregated at.that time about seventy-five hundred dollars. Her deed was put of record, and she took possession of the real estate covered thereby, and certain personal property sold to her by hill of sale of the same date. Subsequently The Montrose Bank failed, its assets were assigned to plaintiff in error Kyle, the trust deed securing the two thousand dollars discovered and placed of record. Thereafter the assignee and trustee in such deed brought this suit, alleging that the quit claim deed was executed with the intent to defraud The Bank of Montrose, and was received by the grantee with knowledge of such intent, and with notice of the prior unrecorded trust deed securing the sum of two thousand dollars, and plaintiffs prayed for a decree cancelling the *358 quit claim deed, and declaring it alien upon the property conveyed thereby inferior to the lien created by the trust deed securing the sum of two thousand dollars. The case was tried to the court which made the following findings:
“1. That the defendant, Ida Shore, was a bona fide purchaser for a good and valuable consideration * * * of the premises described in plaintiff’s complaint; * * # .
“2. That defendant Ida Shore had no knowledge or notice actual or constructive of the certain deed' of trust executed by the defendant Anderson Shore to secure the note of two thousand dollars as described in plaintiffs' complaint."
Thereupon the court entered a decree for defendants. To review the decree plaintiffs below are here on error.
When the cause came on‘for trial plaintiffs in error demanded a jury for the trial of the issues of fact involved. This over their objection and exception was denied and the trial had to the court. Plaintiffs insist that this was error. The cause of action was to set aside the quit claim deed involved on the ground of fraud in its procurement.
The cause of' action was equitable. It is discretionary with the court in equitable causes of action whether issues of fact shall be tried by the court or sent to a jury. If submitted' tó a jury their verdict is simply advisory and not binding upon the court. Such was the rule before the adoption of the Code, and such has been the rule since.- — Abbott v. Monti, 3 Colo. 562; Kirtley v. Marshall Silver M. Co., 8 Colo. 279, 285, 6 Pac. 920; Danielson v. Gude, 11 Colo. 87, 92, 17 Pac. 283;
The court committed no error in the denial of a jury trial.
2. The gist of the other eontentioris of plaintiffs *359 in error is that the findings and. judgment are not sustained by the evidence. Seven witnesses were called, two for plaintiffs, five for defendants. If the testimony submitted by defendants was credited Anderson Shore was indebted to his wife, Mrs. Ida Shore, October 5, 1897, about seventy-five hundred dollars, principal and interest, upon money loaned. At her request he had conveyed to her certain property including the property involved herein in satisfaction of such indebtedness. She had received such conveyance in good faith, and without notice or knowledge of facts sufficient to charge her with notice of the trust deed sought to be declared by this action a prior lien to her quit claim deed. The trial court believed the testimony in behalf of Mrs. Shore, and made its findings accordingly. As there was evidence to support them we are bound by the findings.
The judgment should be affirmed.

Affirmed.