JOHN DERMOTT, Respondent, v. S. N. E. PRIDDY, Appellant.

**Kansas City Court of Appeals, February 2, 1903.**

1. **Contracts: MERGER: MINING LEASE.** Three written contracts were entered into at different parts of the same day in relation to certain mining property the last being a license agreement which was complete and perfect in itself and free from ambiguity and, being the last expression, is held to supersede the antecedent agreements.

2. ————: **ROYALTIES: EVIDENCE: RECOVERY.** On a review of the three contracts and the oral evidence, it is held plaintiff was entitled to recover the royalties provided in the mining license.

3. **Appellate Practice: LAW ACTION: WEIGHING EVIDENCE.** In a law action, credibility of the witnesses and the weight of testimony is for the trial court and not the appellate court.

4. ————: **EQUITY CASE: DEFERRING TO TRIAL COURT.** In an equity action, where the evidence is conflicting, the appellate court may defer to the finding of the trial judge.

5. **Fraud: EVIDENCE: FINDING OF TRIAL COURT.** The evidence relating to an issue of fraud is considered and the finding of the trial court approved.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*W. F. Duncan* and *Galen & A. E. Spencer* for appellant.

(1) By the instruments, Exhibits C and D, signed by plaintiff with others, he clearly bound himself to transfer to defendant the lease from the Granby company to Dermott. Defendant paid the full purchase price, and was placed in possession of the lots. This is a perfect answer to any claim by plaintiff for royalty. (2) This is true even if plaintiff's contention is be-

lieved, and defendant accepted the sublease (Exhibit B.) as his source of title. The title as subtenant is merged in that as assignee of the first lease. (3) But under the undisputed evidence, plaintiff tricked defendant into accepting Exhibit B. The only thing contemplated by defendant was the acquisition of the Granby lease, as contracted for by Exhibits C and D. Nowhere in the record is there any evidence of an agreement to pay plaintiff any additional royalty. Plaintiff seeks to realize on his trick, to the extent of five per cent royalty. His legitimate consideration was his interest in the proceeds of the sale, and a release from his obligation to build a mining plant. (4) The court erred in refusing to give the last instruction asked by defendant. Company v. Smith, 117 Mo. 261; Mabary v. McClurg, 74 Mo. 575.

*Redding & Owens* and *Cole & Burnett* for respondent.

(1) The case turns on a question of fact, to-wit: Under which instrument did defendant acquire the right to occupy and mine the land plaintiff held under the Granby lease? Plaintiff contended that defendant acquired such right under Exhibit B. Defendant denied this contention. Both parties produced their evidence and the trial court found for plaintiff. Since the record shows abundant evidence to support plaintiff's claim and the court's finding, there should be no controversy here about the matter. Taylor v. Crockett, 123 Mo. 300; Rice v. McClure, 74 Mo. App. 383; State ex rel. v. Staed, 143 Mo. 248; Rogers v. Warren, 75 Mo. App. 271. (2) Defendant was buying the mining equipment from the Columbia Mining Company, as well as said mining company's option to lease from plaintiff, and was to get the lease or authority to mine from plaintiff. Exhibits C and D and Exhibit B, even if all executed at the same time, and if they were different parts of the

transaction, will be construed together. Sexton v. Anderson, 95 Mo. 373; Jennings v. Todd, 118 Mo. 296; Houck v. Frisbee, 66 Mo. App. 16. (3) If Exhibit B was executed subsequent to the execution of Exhibits C and D, then Exhibit B superseded Exhibits C and D, as to the form of transfer of plaintiffs unexpired term in the lease to defendant. Chrisman v. Hodges, 75 Mo. 413. (4) The witnesses were before the court, he heard their testimony and saw their demeanor on the stand. The results turned upon the credibility of conflicting evidence; the court believed the evidence on the part of the plaintiff, and the finding of the trial court should have great weight. Taylor v. Crockett, 123 Mo. 300; Jackson v. Wood, 88 Mo. 76; Book v. Beasley, 138 Mo. 455.

SMITH, P. J.—This was an action to recover five per cent royalties to which plaintiff claimed he was entitled by the terms and provisions of a certain mining license. The defendant by his answer pleaded an equitable defense and prayed for certain affirmative relief. The cause was tried by the court resulting in judgment for plaintiff. Defendant appealed.

The evidence adduced by the plaintiff at the trial tends to show that on December 1, 1898, the Granby Mining & Smelting Company entered into a written agreement with the plaintiff whereby the former granted to the latter a license to mine for lead and zinc ores on certain lands for the period of ten years. There was a provision therein by which plaintiff obligated himself that a first-class steam jig ore-dressing and concentrating plant should be put in operation upon the land within a year from the date of the license. A royalty of fifteen per cent was reserved on all lead and zinc mined.

Some time prior to May 26, 1899, the plaintiff gave certain persons, under the name of the Columbia Mining Company, an option on said mining lease. While this

option was in force and before any concentrating plant had been constructed and put in operation on the land, the defendant negotiated with one Wells, who represented the Columbia Mining Company, for the purchase of its property and option rights.   As a result of this negotiation the plaintiff and the persons composing the Columbia Mining Company entered into a written agreement with defendant by which, for the consideration of $3,400 they bound themselves to transfer plaintiff's said mining license to him with all the privileges and appurtenances belonging to the Columbia Mining Company. There was a recital in this agreement to the effect that Priddy, the defendant herein, was to pay the said Dermott—the plaintiff—said $3,400 (less $1,000 then paid Wells) on June 1, 1899, or as soon thereafter as the same could be sent from Findlay, Ohio, to Joplin, Missouri.   Subsequently, on the same day, some dispute arose in respect to the transfer of the license of the Granby Mining Company to Priddy, and to settle which it became necessary to write another agreement which provided that Dermott, etc.—the plaintiff—should in consideration of said sum of $3,400 agreed to, make to said Priddy—defendant—a certain lease given by the Granby Mining Company to said Dermott for the lands described in the latter, etc.   Some of the members of the Columbia Mining Company did not reside at Joplin where the agreements were all written, and it seems that they were sent to them for their signatures. After these instruments were signed by plaintiff and some of the others, and on the same day, the defendant concluded not to delay the making of the payment of the balance of the $3,400 until June 1, 1899, as he had the right to do under the terms of the said last two agreements referred to, but to make it immediately, and accordingly he said to the plaintiff, ''just make me out the lease and I will pay you the money to-day;'' and accordingly the plaintiff accepted the defendant's proposition and a written license was

executed by plaintiff to defendant, whereby the plaintiff granted to the defendant the mining privileges conferred upon him by the said license given to him by the Granby Mining Company, in consideration of which it was therein agreed that the latter should pay the former twenty per cent royalty on the minerals mined, on the land. On receipt of this license the defendant paid the balance of the consideration and took possession of the property. By the terms of this license defendant became the sublicensee of the plaintiff and bound himself to pay twenty per cent royalty on the materials mined on the lands covered by the license.

The license agreement so entered into between the plaintiff and defendant was complete and perfect in itself, its terms were unambiguous, and being the last expression of the parties it must be held to supersede the two antecedent agreements made on the same day in so far as the latter relate to the acquisition by the defendant of the mining privileges which plaintiff enjoyed under the license granted to him by the Granby Mining Company. The plaintiff, under his license agreement with said company, was bound to pay to it fifteen per cent on all the minerals mined on the land, while under his license to defendant he was to receive twenty per cent of royalties, thus leaving him five per cent of such royalties after the payment of that to which the Granby company would be entitled. The plaintiff received no part of the $3,400 consideration paid by defendant for the option and property of the Columbia Mining Company. He held a valuable mining privilege and the payment of this five per cent royalty was the consideration which influenced him to let the defendant have the same. If he did not receive that, then he would receive nothing for the valuable privilege which he had acquired to take the mineral out of a rich mine for the next ten years.

The plaintiff, after the delivery to the defendant of the license agreement, went abroad and was absent some

months, and when he returned he applied to defendant for the five per cent royalties to which he was entitled after the payment by defendant of the fifteen per cent reserved by the Granby Mining Company; but this five per cent defendant refused to pay saying that he was not liable therefor since the plaintiff by trick and artifice had induced the agreement to pay the twenty per cent royalties.

It was in effect conceded that if plaintiff was entitled to recover at all, he should recover the amount alleged in his petition to be due.

It seems to us that when the several agreements previously referred to are considered with the testimony of the plaintiff, there can be no doubt of the plaintiff's right to recover. The defendant's case, like that of the plaintiff's, rests for the most part on said agreements and his own testimony. It is true that the defendant's brother was a witness but his testimony did not touch the dominating facts in the case, so that as to the issue in relation to the facts and circumstances surrounding the execution of said written agreements and the order in which they were severally executed, the testimony of the plaintiff and defendant are irreconcilably conflicting. If the plaintiff's testimony is to be credited, then he was rightfully permitted to recover; and, on the other hand, if that of the defendant is credited, then the plaintiff's right to recover may well be doubted. It would serve no useful purpose to set forth the defendant's testimony showing wherein it contradicts that of the plaintiff in the several material particulars that it does.

If the action be viewed as an action at law, then the credibility of the witnesses and the weight to be given to their testimony was for the court sitting as a jury. If the court chose to credit the plaintiff's version of the transaction which gave rise to the controversy, we are not prepared to say it erred in doing so, for whether the plaintiff and the defendant were both or

either entitled to credit was a question for the court sitting as a trier of the fact. It was better qualified to decide as to the credibility of these parties than we can be. Billings v. St. Louis, 11 Mo. 358; Railroad v. Dawley, 50 Mo. App. 480.

And if it (the action) be reviewed as a suit in equity, then we may defer to the conclusion of the trial judge. Taylor v. Crockett, 123 Mo. 300; Cox v. Cox, 91 Mo. 71; Walker v. Owens, 25 Mo. App. 587. An examination of all the evidence has not convinced us that the finding of the court is for the wrong party.

As to the testimony relating to the issue of fraud, tendered by the answer and to which we have previously alluded, we are unwilling to find fault with the adverse finding of the court as to that. The defendant appears to be a shrewd and well-educated business man and his testimony to the effect that the plaintiff told him that the provisions of the license agreement given him were the same as those contained in the Granby Mining Company, may be well doubted. It was contradicted by that of the plaintiff, and besides this, there are several provisions in the former which he knew, from the very nature of things, could not be like those of the latter. It is highly improbable that the plaintiff would have stated to him that a thing was one way when it was apparent that it was otherwise, or that the defendant relied upon such false statement, if made. The defendant had been told by Wells—the member of the Columbia Mining Company with whom he had negotiated for the purchase of the option—that plaintiff would not transfer or sublet the Granby Mining Company land for less than twenty per cent royalty. Plaintiff testified that the defendant knew this before the license was written. The finding of the court on the issue of fraud was fully justified by the evidence.

The refusal of the defendant's fourth instruction was not error (Freeman v. Wilkerson, 50 Mo. 554), and especially so since the finding and decree was proper.

Moore v. Wingate, 53 Mo. 398; Adams v. Harper, 20 Mo. App. 684. The judgment will be affirmed. All concur.